238 A.2d 742.

ANNA SLEFKIN *vs.* MARCIS TARKOMIAN.

FEBRUARY 29, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This civil action was brought in the superior court to recover a balance of $2,800 allegedly due on five interest bearing installment notes made by the defendant on divers dates. Named as payees were the plaintiff and her husband or the survivor thereof. The plaintiff's motion for a summary judgment was granted in part, and judgment entered for $1,964.45 plus an attorney's fee of $500. The defendant appeals.

The case was in the following posture when the motion was decided. The defendant, in his answer to the complaint as well as in the affidavit he filed in reply to the motion

for summary judgment, defended in substance on the ground that the notes had been paid in full. In addition, responding to the interrogatories propounded by plaintiff, defendant averred that he was "* * * enclosing herewith for the use of the Plaintiff photostatic copies of cancelled checks showing all payments made by me on loans of Hyman L. Slefkin [plaintiff's husband] and that in addition I made cash payments at various times to the late Hyman L. Slefkin."

Upon the foregoing record, plaintiff's motion was granted. The trial justice accepted the assurance of plaintiff's counsel that the correct balance owing on the notes was $1,964.45, and judgment entered for that amount plus an attorney's fee, rather than for the $2,800 which plaintiff had claimed as due in her complaint and in the affidavit accompanying her motion for summary judgment. We do not pass either on the propriety of accepting statements of counsel as proof of damages or on the trial justice's authority to order a partial summary judgment. We decide only that it was error in any event to grant plaintiff's motion.

The question for the trial justice was whether there was a genuine issue as to any material fact and not how that issue should be determined. In the resolution of that question, rule 56(c) of the superior court's rules of civil procedure required that the pleadings, as stated, be examined in order to ascertain what were the issues and that thereafter the affidavits, admissions, answers to interrogatories and other similar matters be considered to determine whether those issues were genuine and material. 3 Barron & Holtzoff, Federal Practice & Procedure (rules ed.) §1236, p. 158.

The trial justice's error was not that he failed to consider all of the papers of record, but that the consideration he gave them was faulty. He looked more to their form than to their substance with the result that it becomes questionable whether he accepted defendant's factual assertions as

true and construed them in the light most favorable to defendant. This he should have done. *Marandola* v. *Hillcrest Builders, Inc.*, 102 R. I. 46, 227 A.2d 785; *Furton* v. *City of Menasha*, 149 F.2d 945. For example, in his bench decision commenting on defendant's affidavit of defense, he was concerned why the word "loan" was in the singular rather than in the plural, and he was uncertain what defendant meant by the word "submitted" in that portion of his affidavit which reads: "That from the date of the loan and prior to this suit I have submitted to the Plaintiff's late husband or to his agent approximately Twenty Eight Hundred Twenty ($2820.00) Dollars." We share neither his concern nor his uncertainty. Although defendant's choice of words may not have been as precise as is desirable, it would be unfortunate were the drastic remedy of summary judgment to turn on an inadvertent use of the singular rather than the plural, or on an inexact word selection. To us, considering them contextually, the word "loan" obviously meant "loans," and defendant, when he said "submitted," just as obviously meant "paid."

Again, the trial justice considered it significant that of the seven cancelled checks which defendant tendered in his answer to plaintiff's interrogatories, two, totalling $1,050, antedated any of his promissory notes. If the only payments upon which defendant relied to support his assertion that the loans had been repaid were those evidenced by the cancelled checks, those which antedated the obligations might have merited the significance given to them by the trial justice. Here, however, defendant, in the same statement, averred that he had also made "cash payments at various times." The trial justice dismissed this assertion as "casually" made and "not good enough." He apparently believed that the issue of repayment thus raised was feigned, rather than genuine, and that it left nothing to be tried. See *Miller* v. *Miller*, 122 F.2d 209. Even if it was

within his authority to disregard factual assertions on such grounds, an issue we do not decide, he should not have done so inasmuch as defendant's assertion that there were cash payments was supported by plaintiff's counsel who, in explaining how he arrived at a balance due of $1,964.45, said that he had done so after giving credit "for the checks the defendant presented, plus additional payments he did not present."

Under rule 56(c), just as under its statutory precursor, the pivot upon which the summary judgment procedure turns is issue finding, not issue determination. *Fisher* v. *Sun Underwriters Ins. Co.*, 55 R. I. 175, 179 A. 702. Applying that principle, defendant's assertions, if accepted as truthful and taken in the light most favorable to him, clearly put into issue whether or not the obligations had been paid. The defendant did more than merely deny that he was indebted to plaintiff. He gave the reasons why he was not indebted when he stated specifically both in his affidavit and in his answer that he had repaid the loans. Although those statements in the form uttered may suffer from technical defects, their substance was unaffected by those deficiencies. Construed in the proper light there can be no reasonable doubt that the defense was repayment. No more was required to create a genuine issue of fact. *Rosenthal* v. *Halsband*, 51 R. I. 119, 152 A. 320.

In our judgment, the plaintiff neither satisfied her burden of clearly demonstrating that there was no issue of fact to be tried nor did the facts as disclosed in the papers establish a right to judgment with such clarity as to leave no room for controversy. In these circumstances, it was error for the trial justice to grant the plaintiff's motion for a summary judgment and thereby deny the defendant a hearing at which the disputed factual issue of repayment might be determined.

· The defendant's appeal is sustained, and the summary judgment appealed from is reversed.

*James M. Sloan, III,* for plaintiff.

*Philip M. Hak,* for defendant.