411 A.2d 907.

GARY DOYLE *vs*. STATE.

JANUARY 18, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris Weisberger and Murray, JJ.

WEISBERGER, J. This is an appeal from a summary denial by the Superior Court of an application for postconviction relief brought pursuant to G.L. 1956 (1969 Reenactment) tit. 10, ch. 9.1, as enacted by P.L. 1974, ch. 220, §3. The facts underlying this petition are as follows.

Gary Doyle (petitioner) was indicted by the grand jury for the counties of Providence and Bristol on March 14, 1975, for assault with a dangerous weapon upon and murder of a four-year-old child. The petitioner was represented by an assistant public defender. Suppression hearings began on September 18, 1975, and concluded on September 24, 1975. The trial of the case commenced immediately upon conclusion of the suppression hearings and continued until October 3, 1975, at which time petitioner pleaded guilty to murder in the second degree. Pursuant to this plea, he was sentenced to a term of thirty-five years' imprisonment at the Adult Correctional Institutions (ACI) of which sentence twenty-five years were to be served and ten years were to be suspended; and petitioner was to be placed on probation for a period of ten years from and after the date of his release from the ACI.

On February 17, 1976, petitioner was heard on a motion to reduce sentence, and said motion was denied. Thereafter, petitioner sought appointment of private counsel for the purpose of filing an application for postconviction relief. Present counsel was appointed by this court, and an application for postconviction relief was filed on February 23, 1979, in the Superior Court for the county of Providence.

On May 4, 1979, the petition for postconviction relief came on for hearing before the justice who had tried the case and taken the plea of guilty. This hearing was for the purpose of passing upon a motion by petitioner to compel the state to file an answer that had not been filed in accordance with §10-9.1-6(a), and also to pass upon certain preliminary motions by petitioner, including a motion for appointment of experts. The trial justice had before him certain witnesses' affidavits which suggested that petitioner had smoked marijuana on the day he pleaded guilty to the murder charge. Counsel for petitioner requested permission to present evidence from additional witnesses who would testify concerning petitioner's use of marijuana and his condition on the date of the plea. Counsel for petitioner also sought appointment of an expert witness who would testify concerning the

effect of marijuana use upon the voluntariness of petitioner's plea. The trial justice declined to hear any evidence from petitioner. He denied the motions for discovery and appointment of experts. He granted the motion to compel an answer by the state and also heard the testimony of the member of the public defender's office who had represented petitioner during the trial and plea of guilty to the second degree murder charge. This witness had been called by the trial justice and was interrogated by the court. The trial justice overruled petitioner's objections to the presentation of testimony from the member of the public defender's staff. He also overruled protests based on the inability of petitioner's counsel to cross-examine this unexpected witness. The case was continued until June 5, 1979.

On June 5, 1979, the trial justice, after hearing argument, declined to hear any further evidence offered by petitioner on the ground that he was so persuaded by his own recollection of petitioner's plea, coupled with the testimony by the attorney who had represented petitioner, that there was no genuine issue of material fact. He then granted a motion by the state for summary judgment pursuant to §10-9.1-6(c) which provides that:

> "The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

Section 10-9.1-7 provides that all rules and statutes applicable in civil proceedings shall apply to postconviction actions. Thus, summary judgment could be granted in this case only under circumstances in which such judgment might be rendered pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. We have stated on a number of occasions that a trial justice may not resolve issues of fact upon a motion for summary judgment but may only determine whe-

ther such issues exist. *Slefkin* v. *Tarkomian,* 103 R.I. 495, 498, 238 A.2d 742, 743 (1968); *Warren Education Association* v. *Lapan,* 103 R.I. 163, 169, 235 A.2d 866, 870 (1967). On a Rule 56 motion for summary judgment, the trial justice may not pass on the weight or credibility of the evidence. *Palazzo* v. *The Big G Supermarkets, Inc.,* 110 R.I. 242, 245, 292 A.2d 235, 237 (1972).

In the case at bar, the trial justice obviously felt that the claims of petitioner were patently false and contrived. He viewed the testimony to be offered by the potential witnesses as lacking in persuasive force in the light of his own recollection and the testimony of petitioner's former counsel. However correct the trial justice may have been in this evaluation, it constituted a determination of relative credibility in a procedural posture in which such determination could not be made. Consequently, the trial justice was in error in not allowing petitioner an evidentiary hearing on the issue of the voluntariness of his plea.

We believe that the trial justice was correct in holding that the sole issue before the court was the question of whether petitioner's plea of guilty was voluntary. The guilt or innocence of petitioner was not before the court at that juncture. Therefore, petitioner's requests for appointment of an expert witness on the issue of child abuse and a physician to review the autopsy report were properly denied at that stage of the proceedings.

In remanding this case to the Superior Court for an evidentiary hearing on the issue of voluntariness, we point out by way of guidance that the petitioner is entitled to present witnesses who allegedly observed him in the act of smoking marijuana at or near the time when his plea was given and accepted. The trial justice may consider the transcript of the previous hearing held on this issue, including the remarks and statements of the justice who heard this contention initially. The petitioner may, if he sees fit, cross-examine his prior counsel who testified on May 4, 1979. We shall leave to the discretion of the trial justice the question of appointing an

expert witness on the effect of marijuana upon the voluntariness of the plea. Only if the petitioner establishes a factual predicate upon which expert testimony would be helpful to the trier of fact should such an expert be appointed. In the event that the trial justice finds upon all of the evidence that the plea of guilty was intelligently and voluntarily made, then the judgment of conviction shall stand, subject to review by this court.[1] In the event that the trial justice should find that the plea of guilty was not intelligently and voluntarily made, then he shall reinstate petitioner's original plea of not guilty and order a new trial.

For the reasons stated, the appeal of the petitioner is sustained in part, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*Mann & Roney, Robert B. Mann,* for petitioner.

*Dennis J. Roberts II,* Attorney General, *Thomas H. Caruolo,* Special Assistant Attorney General.

---

[1] A review of the record of the trial, together with the colloquy between the trial justice and the defendant, persuades us that there was an adequate factual basis for the plea, in accordance with Rule 11 of the Superior Court Rules of Criminal Procedure. Therefore, this issue need not be determined by the trial justice.