Ellen F. STEINBERG and Tami A. Cox

v.

STATE.

No. 79–202–Appeal.

Supreme Court of Rhode Island.

March 27, 1981.

Aram K. Berberian, Warwick, for plaintiffs.

Dennis J. Roberts II, Atty. Gen., Eileen G. Cooney, Sp. Asst. Atty. Gen., for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the plaintiffs, Ellen F. Steinberg and Tami A. Cox, from a judgment in the Superior Court dismissing the plaintiffs' complaint for an alleged violation of their civil rights pursuant to 42 U.S.C.A. § 1983 (1974) and for false imprisonment, upon the defendant's motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.

The plaintiffs filed a complaint in Superior Court alleging that on December 4, 1978, they were arrested by the Rhode Island State Police without an arrest warrant and were not arraigned until some fifty hours later on December 6. The plaintiffs further alleged that the fifty-hour delay between the arrest and the arraignment constituted an unlawful detention in violation of 42 U.S.C.A. § 1983 (1974) and Rule 5 of the District Court Rules of Criminal Procedure. Thus, plaintiffs prayed for compensatory and punitive damages, claiming that the State Police had deprived them of their due-process rights guaranteed by the Fourteenth Amendment of the Federal Constitution.

After filing their complaint, plaintiffs submitted interrogatories to defendant. Captain Pare of the State Police responded, stating that the officers had arrested plaintiffs at approximately 10 p.m. on Monday, December 4, 1978, at the "so-called Leonard Estate, located at the end of Ocean Avenue, Jamestown, Rhode Island." Captain Pare, who had participated in the investigation leading to the arrest, continued, stating that the State Police went to the location to execute a search warrant issued by a justice of the District Court. Upon arriving at the "Leonard Estate," the police arrested plaintiffs without a warrant and eventually took plaintiffs to the Second Division District Court in Newport for arraignment at noon on December 6, 1978.[1] Pare contended that the delay in bringing plaintiffs to court for arraignment was caused by several problems. First, plaintiffs identified themselves as "Annie Sprinkle" and "Long Jean Silver." Second, plaintiffs' fingerprints had to be forwarded to the FBI in Washington,

D.C. Finally, the police needed more time to inventory evidence seized pursuant to both the initial search warrant and a second search warrant issued on December 5.

Thereafter, defendant filed a motion for summary judgment and an affidavit by Captain Pare substantially identical in content to the responses he had given to plaintiffs' interrogatories. The plaintiffs filed no affidavit in opposing the motion for summary judgment. After a hearing, the trial justice granted the motion, holding that "under the circumstances of this case, the delay between plaintiffs' arrest and their arraignment did not violate plaintiffs' rights to due process and their right to be free from unreasonable search and seizure."

The sole issue we shall consider is whether the trial justice properly considered and granted defendant's motion for summary judgment.

Essentially, plaintiffs argue that the common law, Federal and State Constitutions, as well as Dist. R. Crim. P. 5(a), guarantee that an arrested person be brought before a magistrate for arraignment without unreasonable delay and that an unreasonable delay violates an arrestee's rights and makes the arresting officer liable in damages for the false imprisonment. The defendant counters that the prompt-arraignment requirement "does not rise to the level of a constitutional right" and therefore plaintiffs have no cause of action under § 1983.[2] Additionally, defendant argues that the delay in the instant case did not constitute an "unnecessary delay" under Dist. R. Crim. P. 5(a).

When deciding a motion for summary judgment, the trial justice must keep in mind that a motion for "[s]ummary judgment is a drastic remedy and should be

---

1. Captain Pare's answers put the length of time for the delaying of the arraignment at thirty-eight hours. The plaintiffs, in their complaint, did not specify the precise time of arrest or arraignment but simply alleged that arraignment was delayed fifty hours after an arrest occurring on December 4.

2. In addition to the motion for summary judgment, defendant filed a motion to dismiss counts 2 and 6 of the complaint asserting that defendant is not a person within the meaning of 42 U.S.C.A. § 1983 (1974) and that therefore these two counts failed to state a claim upon

which relief could be granted. Under Super. R. Civ. P. 12(b)(6), such motion shall be treated as one for summary judgment when "matters outside the pleading are presented to and not excluded by the court." In the present case, it appears the trial justice considered answers to the interrogatories and an affidavit filed by defendant. In addition, defendant made a collateral motion for summary judgment. Therefore, our opinion should not be interpreted as a ruling on the propriety of the Rule 12(b)(6) motion. The defendant may renew this motion on remand.

cautiously applied." *Ardente v. Horan*, 117 R.I. 254, 256–57, 366 A.2d 162, 164 (1976). However,

> "one who opposes [such] a motion * * * may not rest upon the mere allegations or denials of his pleading. He has an affirmative duty to set forth specific facts which show that there is a genuine issue of fact to be resolved at trial. If he does not do so, summary judgment, if appropriate, will be entered against him." *Id.* at 257–58, 366 A.2d at 164.

It is not, however, an absolute requirement of Rule 56 that the nonmoving party file an affidavit in opposition to the motion for summary judgment. If the affidavit of the moving party does not establish the absence of a material factual issue, the trial justice should deny the motion for a summary judgment despite the failure of the nonmoving party to file a counteraffidavit. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159–60, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142, 155 (1970). And in ruling on a motion for summary judgment, the trial justice must look for factual issues, not determine them. *Hodge v. Osteopathic General Hospital of Rhode Island*, 107 R.I. 135, 142, 265 A.2d 733, 737 (1970). Accordingly, when considering such a motion, "the trial justice may not pass upon the weight or credibility of the evidence." *Doyle v. State*, R.I., 411 A.2d 907, 909 (1980). Instead, the justice's only function is to determine whether there are any issues involving material facts. *Industrial National Bank v. Peloso*, R.I., 397 A.2d 1312, 1313 (1979).

As a prerequisite to an order for summary judgment, the lower court must review the pleadings, affidavits, admissions, answers to interrogatories, and other appropriate evidence from a perspective most favorable to the party opposing the motion. *Hodge v. Osteopathic General Hospital of Rhode Island*, 107 R.I. at 142, 265 A.2d at 737. Consequently, if no issues of material fact appear and the moving party is entitled to judgment as a matter of law, the trial justice may enter an order for summary judgment. *Id.*, 265 A.2d at 737–38.

When a genuine issue of fact exists, however, the trial justice must not decide the issue. In this situation, the court should simply ascertain the existence of the factual issue and deny the motion for summary judgment. *See O'Connor v. McKanna*, 116 R.I. 627, 633, 359 A.2d 350, 353 (1976). On appeal, we review the propriety of the summary-judgment order by the same standards as the trial justice, which review includes an examination of the pleadings and affidavits viewed in a light most favorable to the party opposing the motion. *See Julian v. Zayre Corp.*, R.I., 388 A.2d 813, 815 (1978); *Marandola v. Hillcrest Builders Inc.*, 102 R.I. 46, 49, 227 A.2d 785, 787 (1967).

In the instant case, it is our opinion that the trial justice exceeded the limits of his function in considering the motion for summary judgment. By his treatment of the pleadings and affidavit, the trial justice essentially determined a factual issue. Whether the defendant was guilty of "unnecessary delay" is a question of fact and not a matter to be resolved on a motion for summary judgment. The process of fact-finding includes the drawing of inferences. Only when facts that are undisputably or reliably found point to a single permissible inference can this process be treated as a matter of law. *DeNardo v. Fairmount Foundries Cranston, Inc.*, R.I., 399 A.2d 1229, 1234 (1979). Moreover, an examination of the pleadings and the affidavit reveals facts that should not be predetermined on a motion for summary judgment. Reasonable people could differ about whether the plaintiffs' detention was lawful. Accordingly, when the trial justice made a determination that the delay was justified and not unreasonable, he effectively made a determination of fact prohibited by Rule 56(c) and the decided cases. Under these circumstances, the lower court should have denied the defendant's motion.

The plaintiffs' appeal is sustained, and the summary judgment appealed from is reversed.

SHEA, J., did not participate.