**Sean McPHILLIPS and James McPhillips**

v.

**ZAYRE CORPORATION, The Murray Ohio Manufacturing Company, and Allied Corporation.**

No. 89–150–A.

Supreme Court of Rhode Island.

Nov. 20, 1990.

Mercedes Deines, Mark Decof, Decof & Grimm, Providence, for plaintiffs.

Michael G. Sarli, Gidley, Lovegreen & Sarli, Providence, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on the plaintiffs' appeal from summary judgment entered in favor of the defendant, Allied Corporation, in Superior Court. The plaintiffs argue that sufficient evidence was introduced below to indicate the existence of a genuine issue of material fact, thereby precluding summary judgment. We agree. The facts of this product-liability case insofar as pertinent to this appeal are as follows.

On December 19, 1980, plaintiff Sean McPhillips and his friend Stephen Gelacek decided to ride their bicycles. Stephen suggested that they jump over the edge of a stone retaining wall that surrounded the lawn of his neighbors, the Van Eeghens. The Van Eeghens' lawn is level and was covered with a light layer of snow on that particular morning. Since he had previously ridden his bicycle over the wall, Stephen preceded Sean and successfully completed the jump at a point where the drop from the wall to the street was between two and three feet. The plaintiff then pedaled toward the wall along the same path Stephen had just taken. When he was approximately one and one-half to two feet away from the edge of the wall, he suddenly decided not to make the jump and applied the brakes. The bicycle did not stop moving forward, and after the front wheel went over the wall, Sean was propelled over the handlebars onto the street below. He suffered a broken neck with spinal cord damage and was rendered a permanent quadriplegic.

Sean's father, also a plaintiff in this action, had purchased the bicycle for his son from a child in their neighborhood about one week prior to the accident. The bicycle had rear coaster brakes. To operate them, the rider would apply backward pressure to the pedals. It is plaintiff's contention that the brakes failed because of a defect and thus caused Sean's accident.

During Sean's deposition on December 10 and 11, 1987, he testified that the brakes were functioning properly for the week he owned the bicycle prior to the accident. However, he testified that the brakes "jammed" and "locked on [him] for trying to put on the brake." He also gave a negative response when asked if he felt the rear wheel lock after the brakes were applied.

In addition to Sean's testimony, plaintiffs presented the sworn affidavit of Mark

Ezra, an expert in the field of motorcycle and bicycle mechanical engineering. After examining the bicycle in question, Ezra stated that "to a reasonable degree of scientific and mechanical certainty" the brake would not have engaged correctly when Sean applied it in the ordinary manner two feet before the wall.

The defendant, on the other hand, relies heavily on Stephen Gelacek's account of the accident recorded in his deposition taken on January 27, 1988. Stephen claimed that from his vantage point, approximately twenty-five feet away on the street below the wall, he saw the rear wheel of the bicycle stop immediately after Sean had leaned on the brakes and the bicycle continue over the wall simply because of the speed Sean had attained. Furthermore he testified that the "knobby track" prints, left in the snow by the bicycle's thick tires, changed eight feet before the edge of the wall into smooth side-to-side skid marks.

The plaintiffs initially filed a complaint against Zayre Corporation (Zayre) in Providence County Superior Court. On January 30, 1986, they were allowed to file an amended complaint adding defendants Allied Corporation along with the Murray Ohio Manufacturing Company (Murray Ohio). Allied Corporation (Allied) is the designer and manufacturer of the braking mechanism on the bicycle.

Allied thereafter moved for summary judgment maintaining that plaintiffs' claims against Allied for its design and manufacture of the coaster brake on Sean's bicycle were legally insufficient. After hearing oral arguments on November 22, 1988, the trial justice entered summary judgment for Allied. (The plaintiffs filed this appeal on December 12, 1988, and have since settled with Zayre and Murray Ohio.)

The sole issue is whether the trial justice erred in concluding that there was no genuine issue of material fact when he granted defendant's motion for summary judgment. The plaintiffs contend that Sean's testimony standing alone would be sufficient to contradict Stephen's account of the accident, thereby creating a factual dispute. The plaintiffs also contend that the expert's affidavit was not legally insufficient since it was based on several personal examinations of the bicycle. The defendant Allied argues that as the only eyewitness with a view of the rear tire, Stephen is the only person capable of describing the accident. It maintains that Sean's testimony regarding the feel of the pedals does not contradict Stephen's account since rear coaster brakes are supposed to "lock" when functioning properly. It also maintains that the expert's affidavit was conclusory and legally insufficient.

This court has frequently stated that summary judgment is a drastic remedy that should be cautiously applied. *Commercial Union Companies v. Graham*, 495 A.2d 243 (R.I.1985); *Rustigian v. Celona*, 478 A.2d 187 (R.I.1984); *Steinberg v. State*, 427 A.2d 338 (R.I.1981). The trial justice must examine all the pleadings, affidavits, admissions, answers to interrogatories, and other materials in the light most favorable to the party opposing the motion. *O'Hara v. John Hancock Mutual Life Insurance Co.*, 574 A.2d 135 (R.I.1990); *Blanchard v. Blanchard*, 484 A.2d 904 (R.I.1984); *Steinberg v. State*, 427 A.2d 338 (R.I.1981). The moving party is only entitled to summary judgment as a matter of law if there are no genuine issues of material fact to be decided. Super. R. Civ. P. 56.

The trial justice may search for the existence of factual issues but may not determine them, *Commercial Union Companies v. Graham*, 495 A.2d 243 (R.I.1985); *Steinberg v. State*, 427 A.2d 338 (R.I.1981); *Hodge v. Osteopathic General Hospital of Rhode Island*, 107 R.I. 135, 265 A.2d 733 (1970); nor may the trial justice assess the weight or the credibility of the evidence. *Doyle v. State*, 122 R.I. 590, 411 A.2d 907 (1980).

When reviewing summary judgments on appeal, this court must apply the same standard as the trial court and view the opposing party's material in its most favorable light. *O'Hara v. John Hancock Mutual Life Insurance Co.*, 574 A.2d 135 (R.I. 1990); *Westinghouse Broadcasting Co. v.*

*Dial Media, Inc.,* 122 R.I. 571, 410 A.2d 986 (1980).

■ During arguments by counsel, the trial justice referred to the "uncontradicted" testimony of Stephen that the bicycle wheel had stopped. However, when viewed in a favorable light, Sean's testimony that the brake had jammed or locked on him, in conjunction with the fact that the bicycle kept going, does contradict Stephen's testimony. Moreover, Stephen admits that he viewed the incident from a distance of approximately twenty-five feet. From that perspective the issues of witness credibility and reliability become crucial yet remain beyond the scope of what the trial justice may properly consider when deciding a motion for summary judgment.

The trial justice denied that he passed on the witness's credibility, but he did state, "The bike didn't stop, and I doubt 24 inches from the edge of the wall that any braking mechanism would have stopped a bike before it went over the wall." That finding is not compelled by the record and dismisses any possibility of a brake defect. Furthermore, it indicates that the trial justice did not review the depositions and affidavits in the light most favorable to plaintiffs, as is required.

As mentioned above, plaintiffs introduced a sworn affidavit by Mark Ezra, an expert in the field of mechanical engineering. Relying upon personal examinations of the bicycle, Ezra maintained that the brake would not have engaged correctly two feet before the wall. The defendant's description of the affidavit as conclusory may well be persuasive. Had the judge been functioning as a trier of fact, in all likelihood his determination that defen-

dant's theory of the cause of the accident was more probable than that of plaintiffs' would undoubtedly have been correct. However, the function of the trial justice on a motion for summary judgment is issue finding, not issue resolving. *Slefkin v. Tarkomian,* 103 R.I. 495, 238 A.2d 742 (1968). A review of the depositions and the affidavit, in light of this standard, leads to the conclusion that there was an issue of material fact concerning the working condition of the brake mechanism.

■ In the case at bar the trial justice apparently did not view the evidence before him in a light most favorable to the plaintiffs. He assessed the credibility of the witnesses and the persuasiveness of the evidence, a function denied him on such a motion. There remains a factual dispute in this case, specifically whether the bicycle's failure to stop was due to a brake malfunction or to excessive speed and slippery conditions. The judge's belief that one scenario is more probable than the other is not a legally sufficient reason to grant a motion for summary judgment.

For the reasons stated, the plaintiffs' appeal is sustained. The summary judgment entered below is vacated. The case is remanded to the Superior Court for further proceedings.

KELLEHER, J., did not participate.