[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on defendants, William and Kenneth J. Salhany's, d/b/a Leonard's Market (hereinafter, "Salhanys") motion for summary judgment pursuant to Rule 56 of the Rhode Island Superior Court Rules of Civil Procedure and defendants' request for entry of final judgment pursuant to Super. R. Civ. P. 54(b). Plaintiff brings this civil action to recover damages for injuries she alleged she sustained in a fall on a defective sidewalk in the City of Providence. The Salhanys assert that they have no duty to maintain said sidewalk and move for summary judgment on those grounds. The issue before the Court is whether the Salhanys have a duty to maintain the public sidewalk located in front of their market at 1543 Westminster Street in Providence, Rhode Island.
Summary judgment is a drastic remedy that should be cautiously applied. Commercial Union Companies v. Graham,495 A.2d 243 (R.I. 1985). The trial justice must examine all the pleadings, affidavits, admissions, answers to interrogatories, and other materials in the light most favorable to the party opposing the motion. O'Hara v. John Hancock Mutual LifeInsurance Co., 574 A.2d 135 (R.I. 1990); Blanchard v.Blanchard, 484 A.2d 904 (R.I. 1984). The trial justice can only determine whether there are any issues of fact to be resolved and cannot pass on the weight and credibility of the evidence.Steinberg v. State, 427 A.2d 338 (R.I. 1981); Doyle v. State,122 R.I. 590, 411 A.2d 907 (1980). The moving party is only entitled to summary judgment as a matter of law if there are no genuine issues of material fact. Super. R. Civ. P. 56.
The undisputed facts of this case are as follows: On or about April 26, 1988, plaintiff slipped and fell in/on a "hole" in the sidewalk at 1543 Westminster Street in Providence and injured herself. Salhanys own the property adjacent to said sidewalk and operate Leonard's Market. The sidewalk in question is a public sidewalk. Plaintiff filed the negligence action within the three (3) year statute of limitations.
The Salhanys argue that pursuant to both legislative enactment and the Providence City Ordinance, the City of Providence, not the adjacent landowner, has the duty maintain the public sidewalk. Rhode Island General Laws 1956 (1988 Reenactment) § 24-5-1 requires each city and town to maintain their respective highways. Section 24-5-1 reads in pertinent part: "all highways . . . except as in hereinafter provided, lying and being within the bounds of any town, shall be kept in repair . . . so that the same may be safe and convenient for travelers." Our Supreme Court has interpreted "highway" within the meaning of R.I.G.L. § 24-5-1 to include sidewalks. Barrosov. Pepin, 106 R.I. 502, 261 A.2d 277 (1970). The Barroso court concluded that "while a municipality is not an insurer with respect to the condition of their sidewalks, it has the duty to exercise due care to keep such sidewalk[s] in a reasonably safe condition for travel." Id. at 280.
The Providence City Ordinance also reinforces the City's duty to maintain public sidewalks. Section 23-59 of the Providence City Ordinance grants the director of the public works for the City of Providence the power, and impliedly, the duty, to "superintend, order and direct the building and altering of any sidewalk in the city." Furthermore, the Director of Public Works is responsible for "the alteration and repairing of sidewalks already established." Section 2-113 Providence City Ordinance. Neither party has established any duty on the part of the Salhanys with respect to the public sidewalk.
There being no genuine issue of material fact and the defendants being entitled to judgment as a matter of law, this Court hereby grants defendants' motion for summary judgment.
Counsel shall prepare an order to reflect the above disposition.