[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is Outlet Broadcasting Inc's ("Outlet") motion for summary judgment. Defendants CityPlace Associates ("CityPlace") and Sheldon Gerber ("Gerber") have filed an objection to Outlet's motion and present a cross-motion for summary judgment. Defendant Koury Steel Erection, Inc. ("Koury Steel") has also filed a timely objection to Outlet's motion. Outlet's motion for summary judgment against third party defendant Your Equipment Supplier ("Y.E.S.") has been withdrawn by stipulation filed with this court on May 6, 1991.
CityPlace and Gerber owned the former Outlet Building and, in 1989, decided the building should be demolished. Y.E.S., a demolition recycling company, was hired to perform the demolition clean up. A crane was rented from Koury Steel and a crane operator was also hired to perform the actual demolition of the Outlet Building. On or about December 20, 1989 the west wall of the WJAR Building was severely damaged when it was hit by a steel girder during the demolition of the Outlet Building.
Outlet, the plaintiff, now moves for summary judgment on the grounds that the work undertaken by the defendants is ultrahazardous and inherently dangerous; therefore, the defendants should be strictly liable. Outlet cites Wood v.Picillo, 443 A.2d 1244 (R.I. 1982) in support of the abnormally dangerous activity doctrine. Furthermore, Outlet argues that there is an affirmative duty to inspect the work of an independent contractor by the one who hires him and failure to inspect is a breach of duty. Vucci v. Meyers Bros.,494 A.2d 530 (R.I. 1985).
Defendants CityPlace and Gerber argue that the Rhode Island Supreme Court has rejected abnormally dangerous behavior citingWood, 443 A.2d 1244, and Rose v. Socony-Vacuum Corp.,173 A. 627, 629 (R.I. 1934) and; therefore, they are entitled to summary judgment in their favor. They further argue that even if Rhode Island does recognize strict liability for an abnormally dangerous act, the demolition of a building is not classified as such under Restatement of Torts 2d, § 520. Alternatively, if such demolition is found to be an abnormally dangerous act they argue that Outlet had assumed the risk. Finally, CityPlace and Gerber argue that the issue of negligence is for the trier of fact or jury to decide. Balet v. Found, 314 A.2d 603 (R.I. 1974).
When ruling on a motion for summary judgment, this Court can determine only if there are any issues of fact to be resolved and cannot pass on the weight and credibility of the evidence. Doylev. State, 411 A.2d 907 (R.I. 1980); Lennon v. McGovern,423 A.2d 820 (R.I. 1980). A motion for summary judgment is a drastic remedy and should be applied cautiously. Rustigian v. Celone,478 A.2d 187, 189 (R.I. 1984). The trial justice must view the evidence in the light most favorable to the non-moving party drawing from such evidence all reasonable inferences that would support the non-moving party's claim. Cassador v. First NationalStores, Inc., 478 A.2d 191 (R.I. 1984).
Without getting to the heart of either argument for summary judgment, this Court finds several material issues of fact. The first is whether or not demolition of a building is an abnormally dangerous act, and, if so, are the defendants strictly liable. Secondly, whether it is considered an abnormally dangerous act or not, are defendants CityPlace and Gerber liable for the negligence, if there is any, of defendants Koury Steel or Y.E.S. And finally, if the issue is one of negligence, did Outlet assume the risk of the demolition based on the evidence in the file.
This Court finds that since there are several material issues of fact which affect both motions for summary judgment, it is hereby ordered for the reasons set forth herein that both Outlet's and CityPlace's motions for summary judgment are denied.
Counsel shall prepare the appropriate orders.