[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED DECISION
Defendants, CityPlace Associates, Sheldon L. Gerber, and ICM Corporation (hereafter collectively, the "CityPlace defendants"), have moved this Court to reconsider its September 12, 1991 decision in the above-captioned case. This Court's original decision denied the plaintiff's motion for summary judgment. The Court also denied the cross-motion for summary judgment of the defendants CityPlace and Gerber but did not rule as to the defendant International Construction Management. Rule 59 of Sup. Ct. R. Civ. P. empowers this court to amend its previous decisions upon motion of either party. This amended decision incorporates and supercedes this Court's September 25, 1991 decision.
Before the Court are Outlet Broadcasting Inc.'s ("Outlet") motion for summary judgment, the CityPlace defendants' objection to Outlet's motion for summary judgment, and the CityPlace defendants' cross-motion for summary judgment. Defendant Koury Steel Erection, Inc. ("Koury Steel") has also filed a timely objection to Outlet's motion. Outlet's motion for summary judgment against third party defendant Your Equipment Supplier ("Y.E.S.") has been withdrawn by stipulation filed with this Court on May 6, 1991.
The CityPlace defendants owned the former Outlet Building and, in 1989, decided the building should be demolished. Y.E.S., a demolition recycling company, was hired to perform the demolition clean up. A crane was rented from Koury Steel and a crane operator was also hired to perform the actual demolition of the Outlet Building. On or about December 20, 1989 the west wall of the WJAR Building was severely damaged when it was hit by a steel girder during the demolition of the Outlet Building.
Outlet, the plaintiff, now moves for summary judgment on the grounds that the defendants are strictly liable because the work undertaken by the defendants was ultrahazardous and inherently dangerous. Outlet cites Wood v. Picillo, 443 A.2d 1244 (R.I. 1982) in support of the abnormally dangerous activity doctrine. Furthermore, Outlet argues that one who hires an independent contractor has an affirmative duty to inspect the work of the independent contractor and failure to so inspect is a breach of duty. Vucci v. Meyers Bros., 494 A.2d 530 (R.I. 1985).
The CityPlace defendants argue that they are entitled to summary judgment because the Rhode Island Supreme Court has rejected the abnormally dangerous doctrine. Defendants rely onWood, 443 A.2d 1244, and Rose v. Socony-Vacuum Corp.,173 A. 627, 629 (R.I. 1934). They further argue that even if Rhode Island does recognize strict liability for an abnormally dangerous act, the demolition of a building is not classified as such under Restatement of Torts, 2d, § 520. Alternatively, if such demolition is found to be abnormally dangerous they argue that Outlet assumed the risk. Finally, the CityPlace defendants argue that the issue of negligence is for the trier of fact or jury to decide. Balet v. Found, 314 A.2d 603 (R.I. 1974).
When ruling on a motion for summary judgment, this Court can determine only if there are any issues of fact to be resolved and cannot pass on the weight and credibility of the evidence. Doylev. State, 411 A.2d 907 (R.I. 1980); Lennon v. McGovern,423 A.2d 820 (R.I. 1980). A motion for summary judgment is a drastic remedy and should be applied cautiously. Rustigian v. Celone,478 A.2d 187, 189 (R.I. 1984). The trial justice must view the evidence in the light most favorable to the non-moving party drawing from such evidence all reasonable inferences that would support the non-moving party's claim. Cassador v. First NationalStores, Inc., 478 A.2d 191 (R.I. 1984).
Without getting to the heart of either argument for summary judgment this Court finds several material issues of fact, such as whether or not demolition of a building is an abnormally dangerous act, if not, whether the CityPlace defendants are liable for the alleged negligence of defendants Koury Steel or Y.E.S. and whether Outlet assumed the risk of the demolition.
Because this Court finds that there are several material issues of fact which affect both motions for summary judgment, it is hereby ordered that both Outlet's and the CityPlace defendants' motions for summary judgment are denied.
Counsel shall prepare the appropriate orders.