[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff and defendants Hobday entered into a purchase and sales agreement for certain real estate in Jamestown, which included three addenda. Addendum #3 went to financing and one of the conditions for the transaction was that the buyer receive a first mortgage from one John Hammond by June 15, 1990, with the option to terminate if mortgage commitment were not by then received. On June 18th, through counsel, plaintiff notified defendants she was terminating the agreement in accordance with addendum #3 and requested return of her deposit, which totalled $16,250. Defendant Hobdays' answer denied averment #8 in the complaint, that plaintiff attempted to obtain the Hammond mortgage commitment but was unable to do so.
Before the Court are plaintiff's motion for summary judgment for a return of the deposited money, and objection of defendants Hobday. A counterclaim filed by defendants is not before the Court for consideration.
Having reviewed the agreement between the parties, the pleadings, memoranda of counsel and excerpts from deposition testimony, the Court concludes the motion should be and hereby is denied. The materials before it, viewed in the light most favorable to defendants, convinces the Court there are fact issues here not determinable on this motion. See Steinberg v.State, 427 A.2d 338 (R.I. 1981). Another bar to the granting of this motion, it seems to the Court, will be the consideration at trial on the merits of the impact of the Parol Evidence Rule.
Order to enter.