DECISION
In this civil action, the plaintiff Rebecca W. Wilson (Wilson), and the defendants, Raymond Custy (Custy) and Howard G. Cushing, Jr. (Cushing), each represent a one-third interest in the defendant, CTRI, Inc. (CTRI).[1] Wilson alleges that Custy and Cushing self-dealed and breached their fiduciary duty by making personal loans instead of equity contributions to CTRI.[2] Custy and Cushing have filed a Motion for Summary Judgment to recover unpaid monies loaned to CTRI after the death of Robert F. Wood (Wood) totaling $45,250.00 and $8,500.00, respectively. The Court finds that there are no genuine issues of material fact and grants summary judgment in accordance with Super. Ct. R. Civ. P. Rule 56 (c) and (e) with prejudice.
Wilson alleges that after the death of Wood she and her sisters became the "beneficial owners" of Wood's one-third interest in CTRI. Wilson acknowledges that Wood, Custy, and Cushing would regularly provide loans to CTRI to meet cash flow needs and that these loans were regularly repaid in the normal course of business as funds became available. These shareholder loans were documented in the CTRI's general ledger and reported in the annual financial statements prepared by CTRI's accountant.
After the death of Wood, Wilson alleges that CTRI was operating at a net loss. Wilson instructed Custy and Cushing "in no uncertain terms" not to make any additional loans to CTRI in order to keep the business operating. Furthermore, Wilson told Custy to sell the assets of CTRI, which primarily consisted of the business and real estate located at 204 Thames Street in the City of Newport, and to distribute the equity to the shareholders. However, Custy and Cushing continued to make loans to CTRI with the goal of maintaining operations so that the business would be more attractive to potential buyers. Wilson does not dispute that Custy and Cushing made these loans and that this was a regular business practice performed by the shareholders.
Wilson argues that Custy and Cushing breached their fiduciary duty because she did not authorize them to provide loan funds to CTRI and in her opinion the shareholders should have immediately ceased the nonprofitable business and sold the assets. Wilson alleges that in making these shareholder loans to CTRI, Custy and Cushing were self-dealing to obtain a "priority interest" in the funds received from the eventual sale of the business and the real estate. Wilson requests that this Court reclassify the loans to equity contributions so that the shareholders will each receive one-third of the funds remaining from the sale of the business and real estate that are held in an escrow account pending the outcome of this law suit.
 STANDARD OF REVIEW
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. Burrillville Racing Association, 603 Aid 317, 320 (R.I. 1992) (citing Steinberg v. State,427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297 (R.I. 1980)); Super. Ct. R. Civ. P. Rule 56 (c). During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Id. (citing Lennon v. McGregor, 423 A.2d 820 (R.I. 1980)). Moreover, "the trial justice must look for factual issues, not determine them. The justice's only function is to determine whether there are any issues involving material facts."Id. (quoting Steinberg v. State, supra. at 340). The Court's purpose during the summary judgment procedure is issue finding, not issue determination. Industrial National Bank v. Peloso,397 A.2d 1312, 1313 (R.I. 1979) (citing O'Connor v. McKanna,359 A.2d 350 (R.I. 1976); Slefkin v. Tarkomian, 238 A.2d 742 (R.I, 1968)). Thus, the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact. Id. (citing Rhode Island HospitalTrust National Bank v. Boiteau, 376 A.2d 323 (R.I. 1977)).
"When an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in the light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment." Id. (citing Rhode Island Hospital Trust National Bankv. Boiteau., supra; O'Connor v. McKanna supra.)). "[T]he opposing parties will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." Bourg v. BristolBoat Co., 705 A.2d 969 (R.I. 1998) (citing St. Paul Fire MarineInsurance Co. v. Russo Brothers. Inc., 641 A.2d 1297, 1299 (R.I. 1994); Super. Ct. R. Civ. P. Rule 56 (e)). However, it is not an absolute requirement that the non-moving party file an affidavit in opposition to the motion. Steinberg v. State, supra. If the affidavit of the moving party does not establish the absence of a material factual issue, the trial justice should deny the motion despite the failure of the non-moving party to file a counteraffidavit. Id.
 THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER CUSTY AND CUSHING WERE SELF DEALING AND BREACHED THEIR FIDUCIARY DUTY
After review of the record, this Court concludes that Wilson failed to carry her summary judgment burden as the nonmoving party. Bourg v. Bristol Boat Co., supra. Wilson's affidavit and opposition memorandum contain mostly "conclusory assertions" that Custy and Cushing self-dealed and breached their fiduciary duty by providing loans instead of equity contributions to CTRI. These materials lack the "specific factual details that would be required to raise a genuine issue of material fact" Id. Wilson must demonstrate by affidavits or otherwise that she has evidence of a "substantial nature, as distinguished from legal conclusions, to dispute" Custy and Cushing on the factual issues of self-dealing and breach of fiduciary duty. Id. (citing Gallov. National Nursing Home. Inc., 106 R.I. 485, 489, 261 A.2d 19, 21-22 (1970)). Wilson's affidavit only contains vague and conclusory statements that "Beginning after my father's death . . . I told Custy that I saw no point in continuing to loan money to the travel agency business since it continually lost money. . . . No stockholder loans were ever authorized by me at any stockholders' meetings after my father's death. . . . I believe that Custy should not be allowed to assume priority position by virtue of his unilateral and self-serving actions and thereby grab the remaining equity in the corporation." Furthermore, Wilson alleges that these loans violate the by-laws of CTRI; however, she does not proffer evidence of any by-law provision nor does she provide specific facts as to how shareholder loans violate the CTRI's by-laws. Wilson does not dispute that Custy and Cushing did in fact make these shareholder loans to CTRI. Moreover, Wilson does not dispute the loan amounts claimed by Custy and Cushing and she has not demonstrated that she can proffer "evidence off a substantial nature" that will show Custy and Cushing acted in bad faith or the loan terms were unfair to her or CTRI. See Tomaino v. Concord Oil of Newport,Inc., 709 A.2d 1016 (R.I. 1998). Wilson does not allege any "specific facts" that raise a genuine issue of material fact as to whether the loans provided by Custy and Cushing constitute a self-dealing transaction that breached their fiduciary duty.
This Court hereby finds that there are no genuine issues of material fact and concludes that the shareholder loans made by Custy and Cushing did not constitute a self-dealing transaction that breached their fiduciary duty to Wilson or CTRI, and grants this Motion for Summary Judgment with prejudice.
Counsel shall prepare and submit an appropriate Order for entry in accordance herewith, within 10 days.
[1] Wilson represents the one-third shareholder interest formerly held by Robert F. Wood who died on April 24, 1991.
[2] The only remaining issues to be resolved which are now before the Court concern shareholder loans to the corporation made by Custy and Cushing after April 24, 1991.