DECISION
This matter is before the Court on defendant's motion for summary judgment. The Court has jurisdiction pursuant to Rule 56 of the Rhode Island Superior Court Rules of Civil Procedure.
 Facts/Travel
On July 5, 1995, defendant, Newport Waterfront Landing, Inc., d/b/a The Landing (Landing or defendant), hosted mock sumo wrestling matches at its establishment. When taking part in this type of event, the participants dress in inflated sumo-like outfits and wrestle barefoot on a vinyl mat. The object of the match is to knock down your opponent twice to be declared the winner. Landing patrons watched the matches while standing around the wrestling mat as many of them were holding beverages.
The plaintiff; Mark G. Kilban (Kilban or plaintiff), was selected to wrestle Jeffrey White. The two wrestled for approximately five minutes before Kilban slipped and fell on the mat, and he broke his right ankle. The fall clearly was not caused by plaintiffs opponent. Rather, plaintiffs leg gave way as he was moving around the mat. Kilban asserts that he slipped on a liquid substance located on the wrestling mat. As a result of his injuries, plaintiff required two surgeries on his right leg.
The plaintiff instituted the instant action against the Landing asserting that defendant was negligent in fading to keep the wrestling mat in a dry, safe condition. The defendant now moves for summary judgment arguing that there is no genuine issue of material fact that defendant breached the duty of care it owed plaintiff.
 Summary Judgment
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. Burrillville Racing Association,603 A.2d 317, 320 (R.I. 1992) (citing Steinberg v. State,427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297 (R.I. 1980)); Super. Ct. R. Civ. P. Rule 56(c). During a summary judgment proceeding "the court does not pass upon tbe weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Id. (citing Lennon v. MacGregor, 423 A.2d 820 (R.I. 1980)). Moreover, "the trial justice must look for factual issues, not determine them. The justice's only function is to determine whether there are any issues involving material facts."Id. (quoting Steinberg v. State, supra at 340). The Court's purpose during the summary judgment procedure is issue finding, not issue determination. Industrial National Bank v. Peloso,121 R.I. 305, 397 A.2d 1312, 1313 (1979) (citing O'Connor v. McKanna,116 R.I. 627, 359 A.2d 350 (1976); Slcfkin v. Tarkomian,103 R.I. 495, 238 A.2d 742 (R.I. 1968)). Thus, the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact.Id. (citing Rhode Island Hospital Trust National Bank v. Boiteau,119 R.I. 64, 376 A.2d 323 (R.I. 1977)).
"When an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in the light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment." Id. (citing Rhode Island Hospital Trust National Bankv. Boiteau, supra; O'Connor v. McKanna, supra.) "[T]he opposing parties will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." Bourg v. BristolBoat Co., 705 A.2d 969, 971 (R.I. 1998) (citing St. Paul Fire Marine Insurance Co. v. Russo Brothers, Inc., 641 A.2d 1297, 1299 (R.I. 1994); Super. Ct. R. Civ. P. Rule 56(e)). It is not an absolute requirement, however, that the nonmoving party file an affidavit opposing the motion. Steinberg v. State, supra. Seealso Sullivan v. Town of Coventry, 707 A.2d 257 (R.I. 1998). If the affidavit of the moving party does not establish the absence of a material factual issue, the trial justice should deny the motion despite the failure of the nonmoving party to file a counter-affidavit. Id.
 Breach of a Duty of Care
The plaintiff must establish that a genuine issue of material fact exists regarding at least one of three factors in order to prevent this Court from granting defendant's motion for summary judgment. Our Supreme Court has articulated the following factors in determining a defendant's liability after a person falls on defendant's business premises. First, the fall must be due to some negligence on the part of defendant and not merely the result of plaintiff's own negligence. Second, the condition causing plaintiff's fall had existed for a sufficient length of time so that defendant either knew or should have known of the dangerous condition. Third, although defendant had notice of the dangerous condition, it failed to either remedy the situation or to warn plaintiff of its existence. Pandozzi v. Providence LodgeNo. 14 of Benevolent and Protective Order of Elks, 496 A.2d 928
(R.I. 1985).
In Pandozzi, plaintiff slipped and fell on a bingo chip while she was walking to the ladies room at a bingo hall. Our Supreme Court upheld the trial judge's granting a directed verdict because "although it could reasonably be inferred that what plaintiff had stepped on was a bingo marker, there was no evidence that any agent or officer of the defendant had caused the marker to be present on the floor or had known of the presence of the marker and negligently failed to remove it. Id. at 930. See also Lombardi v. Dryden, 114 R.I. 202, 330 A.2d 416
(1975) (holding that defendant was not on notice and could not be liable for plaintiff's injuries when there is no evidence to justify any reasonable inference as to how long the condition existed which caused plaintiff's injuries); Gleason v. Almac's, Inc., 103 R.I. 40, 234 A.2d 350 (1967) (holding that there was insufficient evidence that the role of film in which plaintiff slipped and fell was present due to the defendant's negligence or that defendant had actual or constructive notice of its presence).
The facts before this Court do not give rise to a genuine issue of material fact regarding any of the above elements. The sole evidence presented by plaintiff is his own testimony that he slipped on some form of liquid found on the wrestling mat. There is no evidence as to what the substance was. There is also no evidence as to how long the substance was present Furthermore, there is no evidence that defendant had any notice or knowledge of the presence of alcohol or any foreign substance on the mat. Plaintiff has failed to set forth any evidence to support a reasonable inference that there was a substance on the mat for a sufficient period of time such that defendant should have been aware of its presence.
After a review of all the fads, pleadings, depositions, and all other relevant documents submitted to this Court and after reviewing that evidence in the light most favorable to plaintiff; the nonmoving party, the Court finds that the defendant is entitled to summary judgment. There exists no genuine issue of material fact as to whether defendant breached the duty of care it owed to plaintiff. Therefore, because no genuine issue of material fact exists, summary judgment shall enter in favor of defendant.
Counsel shall prepare the appropriate judgment for entry.