227 A.2d 480.

ANTHONY L. EMMA *vs.* KENNETH D. SILVESTRI.

MARCH 16, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.    This bill in equity was brought to enjoin
the respondent from conducting a dental practice in an office
within his home, located in Cranston on the Dean Estates

Plat, so-called, allegedly in violation of restrictions on the use of said property contained in the deed by which the property was conveyed to him. A justice of the superior court, after hearing, entered a judgment permanently enjoining the respondent from conducting said dental practice within his home. From that judgment the respondent has prosecuted an appeal to this court.

It appears from the record that one John Montaquila was the developer of the Dean Estates Plat. He testified that when he acquired this tract of land, the conveyance to him set out the restrictions on the use of the lots delineated thereon which he continued to impose in subsequent conveyances made by him. It appears that the developer has since 1941 conveyed between 250 and 300 parcels of land and that the restrictions to which reference is made were contained in all but two of these conveyances. The two conveyances made without the restrictions were conveyed for church purposes, and it appears that churches were subsequently erected and operated on said lots.

The restrictions under consideration, to the extent they are pertinent, provide that "Said premises shall be used solely and exclusively for single family private residence purposes" and that the premises therein conveyed "shall be used and occupied solely and exclusively by a single family" and shall not be used "in any way or for any purpose which may endanger the health, or unreasonably disturb the quiet, of any holder of adjoining land."

As respondent argues, the general rule concerning restrictive covenants is that they are to be construed strictly so as to favor an unrestricted use of property, are not to be extended by implication, and if there is ambiguity, it is to be resolved in favor of an unrestricted use. *Maryland Trust Co.* v. *Tulip Realty Co.*, 220 Md. 399. It is well settled, however, that where, in conformity with a general plan for development, the owner of property divides it into building

lots and conveys them subject to restrictions, intending to thereby promote a uniform plan of development for the plat consistent with such restrictions, any subsequent owner may enforce the restrictions against any other grantee or the present owner of such lots. *Noonan* v. *Cuddigan,* 85 R. I. 328.

The trial justice in the instant case found on the evidence that the developer had in the conveyances made by him included these restrictions pursuant to an intention to establish such a uniform plan of development for the plat consistent with the restrictions set forth in the deeds by which he conveyed the lots. The respondent argues that the trial justice erred in so finding.

It is well settled that the findings of fact of a judge sitting in equity will not be disturbed by this court unless they are clearly wrong. *Sherman* v. *Goloskie,* 95 R. I. 457. In the circumstances it is the burden of respondent to establish that the trial justice misconceived or overlooked evidence on this issue, and, in our opinion, he has failed to sustain this burden. The developer testified that the restrictions had been set out in the deeds by him for the purpose of developing in accordance with such a uniform plan and that during a period of twenty years he had conveyed between 250 and 300 lots, all but two of which had been conveyed subject to the restrictions under consideration. The record discloses that the two exceptions were for parcels of land that were sold for use for religious purposes, and churches had been erected thereon. The record also discloses that the developer retains title to thirty-five lots on the plat. No lots other than the church sites were sold without the restrictions being imposed. This record, in our opinion, discloses legally competent evidence sufficient to sustain the decision of the trial justice.

The respondent argues, however, as we understand him, that the trial justice misconceived the thrust of evidence

adduced concerning the actions of the common grantor. In this state a common grantor's intention to establish a uniform plan for development may be determined upon all of the facts and circumstances surrounding the development of the plat as well as from the substance of the restrictions set out in the conveyances. *Clemence* v. *Mazika,* 73 R. I. 254, 260. The respondent directs our attention, among other things, to the retention by the common grantor of title to some thirty-five of the lots and his reservation in the deeds conveying those lots sold of the right to approve building plans as well as the location of fences and driveways. This evidence, according to respondent's contention, negates any intention on the part of the common grantor to develop the plat according to a uniform plan consistent with the restrictions.

However, we attach considerable significance to the fact that, other than the two lots sold for church purposes, none were sold without the conveyances thereof containing the restrictions. In *Noonan* v. *Cuddigan, supra,* and *Clemence* v. *Mazika, supra,* this court, on the basis of evidence relating to surrounding circumstances, held that there had been a failure to sustain the burden of proof of an intention to establish a uniform plan of development. It is clear from those cases that conveyance of such lots without restriction may be probative of a lack of intent to so develop pursuant to a uniform plan, but in the instant case out of 250 conveyances only two were made without the restrictions, and all of the lots that were conveyed, other than the church lots, contained the restrictions.

The distinction between the instant case and *Noonan* and *Clemence,* in our opinion, lies in the fact that in each of those cases the developer sold some of the lots on the plat being developed without the restrictions being contained in the deeds. In *Noonan* out of eighty-two conveyances made, seventeen did not contain the restrictions. The situation

was similar in *Clemence*. It is our opinion that this distinguishes the instant case from those cases, for here, as we have indicated, no lots were conveyed without the restrictions being set out therein.

The short answer to this contention, however, is that once the intention to develop a plat according to a uniform plan of development is established, it is well settled that the restrictions may be enforced against the lots retained by the common grantor. In *Clemence* v. *Mazika, supra,* at page 260, we made it clear that a common grantor intends by conveyances containing restrictions "to enter into reciprocal covenants binding themselves and their heirs and assigns to include in future conveyances similar restrictions as appurtenant to all the unsold lots upon the plat."

The respondent argues also that the developer's reservation of a right to approve plans for the construction of homes on the lots as well as the location of fences and driveways thereon constituted a reservation of the power to waive the restrictions in specific cases. This, he argues, negates any intention to have the restrictions of general application to all of the lots conveyed. With this we do not agree. We concur in the opinion of the trial justice that the reservation was not in the nature of a general right of waiver of the restrictions and that, in fact, it was consistent with an intention to use the power reserved to fortify the restrictions imposed upon the several lots.

Neither do we perceive that there is any merit in the respondent's contention that the use of his dwelling house in minimal part as a dental office does not violate the restriction that the property be used for residential purposes. The thrust of the restriction, he argues, precludes total use of a dwelling house on one of the lots for purposes other than residential. The primary use to be made of his property is residential, and his use of part thereof as a dental office would not change the character of the basic use. Again we

are unable to agree. The particular restriction requiring that the property "be used *solely* and *exclusively* for single family private residence purposes" is restrictive and, in our opinion, excludes any use inconsistent with its use as a residence even though it be but a partial use thereof. (italics ours) Again we conclude that the trial justice did not err in so finding.

The appeal of the respondent is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Votolato & Votolato, Arthur N. Votolato, Jr.,* for complainant.

*Thomas D. Pucci, Alfred Factor,* for respondent.