[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FACTS /TRAVEL
This matter for declaratory judgment and injunctive relief comes before the Court pursuant to competing motions for summary judgment in C.A. No. KC02-873. Specifically, the Defendants (East Greenwich Town Council, et. al.), have filed a motion for summary judgment, as have the Intervenors (Mr. and Mrs. Duffy and Mr. and Mrs. Herbert). The Plaintiffs (Mr. and Mrs. Milder), have filed a cross-motion for summary judgment as well.
During 1953 or 1954, Lots 24 and 28 of Assessor's Plat 10F, in the town of East Greenwich, were purchased by the Poncelet family for the purpose of training and breeding horses. Subsequent to their purchase, the Poncelet family kept as many as twenty horses on the property. A riding ring, a paddock, and a stud pen were also located on the property.
In 1997, James and Paula Malm purchased Lots 24 and 28 from Ruth Poncelet. At that time, Lot 28 was zoned for farming and Lot 24 was zoned for both farming and residential use. The Malms planned to develop Lots 24 and 28 into condominium town houses known as "The East Greenwich Preserve Condominium Association."
On September 9, 1999, the Planning Board of East Greenwich approved the preliminary development plans proposed by the Malms. On July 14, 1998, as part of the development approval process, the zoning with respect to Lot 24 and a portion of Lot 28 of Assessor's Plat No. 10F, was changed from Resident R-30 and Farming-F to Commercial Limited — CL Zone. On January 12, 1999, the zoning for the entire property was changed to Planned Development Residential PDR-30. In its final decision, dated October 4, 1999, the Planning Board granted approval of the Poncelet Property development plan. In that decision the Planning Board stated the proposed development would "preserve the Paddock Meadow (a.k.a. the Corral), the Orchard, wetlands, open space, and 40-foot wide buffer strips along the abutting properties . . ." Subsequently, Lot 28 was developed into condominiums known as the East Greenwich Preserve and Lot 24 was sold.
Prior to approving the condominium project, on January 20, 2000 the Malms, Fleet Mortgage Corporation, and the Town of East Greenwich executed and recorded an Open Space Easement. Additionally, on January 20, 2000 the Malms, Toll RI, LP, and the Town of East Greenwich executed and recorded a Conditional Easement/Agreement.
Subsequently, on March 21, 2002 Donald Daily, the Town's Zoning Enforcement Officer, issued a Zoning Certificate, which stated that "the keeping of horses" on Lot 24 "is a lawful, non-conforming and permitted use and shall be allowed to continue until such time as an overt action for discontinuation is conducted by the property owner." Following the issuance of the Zoning Certificate, an appeal of the certificate was taken to the Zoning Board of Appeals and later to this Court. Eventually, the zoning issue was remanded to the East Greenwich Municipal Court.
From the time the Malms purchased Lots 24 and 28 in July 1997 until the sale of Lot 24 to the Milders on May 2, 2002, the Malms did not graze or otherwise keep horses or other animals on the property. However, shortly after purchasing Lot 24, the Milders initiated a plethora of equestrian activities on the property. On May 8, 2002, James Malm submitted a building application to the Town requesting clearance to "construct a barn and loft for storage." The application was approved by John Hoyle, the Town Building Inspector, to "construct an addition to existing building — for storage purposes only." After discovering that stables were being constructed in the interior of the barn, John Holye issued a Stop Work Order.
Later, on July 29, 2002, the Milders requested permission from the Town Council to approve an "internal grazing management system" and placement of a public riding area. In addition, the Milders announced their intention to create multiple fenced-in grazing areas for horses, goats, llamas and alpacas.
The Milders request was denied. Notwithstanding the Board's unanimous decision, the Milders began grazing animals and made significant alterations to their property. They began grazing approximately sixteen animals including llamas, alpacas, goats and horses. The Milders also erected a metal and electrical tape fence across the easement area, dividing it into sections. Additionally, they constructed riding jumps, posts and a riding ring. The Milders also conducted horse riding lessons and jumping activities on the property.
On September 16, 2002, Mr. Daily, the Town's Zoning Enforcement Officer, contacted the Milders via mail and informed them of the violation with respect to the barn. On October 6, 2002 the Milders were cited by the Town for building code violations. These violations were subsequently upheld by the East Greenwich Zoning Board of Appeals in a written decision issued July 16, 2003.
The facts indicate that although the Open Space Easement executed by the Malms permits the owners to extend to the East Greenwich Preserve the use of the Corral Area for passive recreational activities, at the owners' discretion, the Milders have prevented the owners of the East Greenwich Preserve access to the Corral Area. The Milders insist that the East Greenwich Preserve has no right to enter the Corral Area without the Milders' express permission.
The travel of this case is not only voluminous but also challenging. Initially the Milders filed suit against the East Greenwich Town Council. In C.A. No. KC 02-873, the Milders sought declaratory judgment and injunctive relief regarding the "non-conforming use" Zoning Certificate and the Open Space Easement. Soon thereafter Mr. and Mrs. Duffy and Mr. and Mrs. Herbert, adjoining property owners, brought a motion before this Court to intervene in the matter. Through their intervention, in C.A. No. KC 02-873, they sought to raise various counterclaims against the Milders, including nuisance, trespass and breach of the open space easement and conditional easement. On October 10, 2002 the East Greenwich Town Council moved to remand Count I of the Plaintiff's complaint (the Zoning Certificate issue). The Court granted the Defendant's motion and remanded the Zoning Certificate issue to the East Greenwich Municipal Court.
As a result of the Milders' activities, in relation to the Open Space Easement and the Conditional Easement/Agreement, the Plaintiffs, Defendants, and Intervenors have moved for Summary Judgment, seeking declaratory relief regarding the rights of all parties. Specifically, the Herberts and the Duffys move for summary judgment based on Count III of their Counterclaim (KC02-873), for violation of the Open Space Easement and Conditional Easement/Agreement, and with respect to Count 4 of their Complaint, appealing the decision of the Zoning Board of Appeals upholding the issuance of the Zoning Certificate. Likewise, the East Greenwich Preserve seeks summary judgment on Count I of its Complaint for violation of the Open Space Easement and the Conditional Easement/Agreement. Finally, the East Greenwich Preserve, the Herberts and the Duffys request declaratory and injunctive relief prohibiting the Milders from keeping, stabling, and/or kenneling horses on a full-time basis; from conducting equestrian activities on the property; from preventing the East Greenwich Preserve from accessing the open space area and directing the Milders to remove all structures and apparatus erected in violation of the applicable ordinances and easements.
In their cross-motion the Milders move for summary judgment on Count I of their Complaint (KC 02-873), seeking declaratory judgment and injunctive relief as to the rights and legal standing of the parties. Specifically, the Milders seek a declaration that the keeping and maintaining of horses on the property located at 846 Division Street, East Greenwich, Rhode Island, is a legal non-conforming and permitted use. Additionally, the Milders request summary judgment on Count II of their complaint (KC 02-873). They seek declaratory judgment and injunctive relief as to the rights and legal standing of the parties regarding whether the keeping and maintaining of horses on the Property is consistent with the Open Space Easement
 STANDARD OF REVIEW
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. Burrillville RacingAssociation, 603 A.2d 317, 320 (R.I. 1992) (citing Steinberg v.State, 427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297
(R.I. 1980)); Super. Ct. R. Civ. P. Rule 56(c). During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Id. (citing Lennon v. MacGregor, 423 A.2d 820
(R.I. 1980)). Moreover, "the trial justice must look for factual issues, not determine them. The justice's only function is to determine whether there are any issues involving material facts."Id. (quoting Steinberg v. State, supra at 340). The Court's purpose during the summary judgment procedure is issue finding, not issue determination. Industrial National Bank v. Peloso,397 A.2d 1312, 1313 (R.I. 1979) (citing O'Connor v. McKanna,359 A.2d 350 (R.I. 1976); Slefkin v. Tarkomian, 238 A.2d 742
(R.I. 1968)). Thus, the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact. Id. (citing RhodeIsland Hospital Trust National Bank v. Boiteau, 376 A.2d 323
(R.I. 1977)).
"When an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in the light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment."Id. (citing Rhode Island Hospital Trust National Bank v.Boiteau, supra; O'Connor v. McKanna, supra.) "[T]he opposing parties will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise they have an affirmative duty to set forth specific fact showing that there is a genuine issue of material fact."Bourg v. Bristol Boat Co., 705 A.2d 969 (R.I. 1998) (citingSt. Paul Fire Marine Insurance Co. v. Russo Brothers, Inc.,641 A.2d 1297, 1299 (R.I. 1994); Super. Ct. R. Civ. P. Rule 56(e)). However, it is not an absolute requirement that the non-moving party file an affidavit in opposition to the motion.Steinberg v. State, supra. If the affidavit of the moving party does not establish the absence of a material factual issue, the trial justice should deny the motion despite the failure of the non-moving party to file a counteraffidavit. Id.
Additionally, pursuant to the Uniform Declaratory Judgments Act, this Court may "declare rights, status, and other legal relations whether or not further relief is or could be claimed." G.L. 1956 § 9-30-1. The decision of a court to grant a remedy through declaratory judgment is purely discretionary. Sullivanv. Chaffee, 703 A.2d 748 (R.I. 1997). In determining whether or not to grant declaratory relief, courts should consider a number of factors, some of which are "the existence of another remedy, the availability of other relief, the fact that a question may readily be presented in an actual trial, and the fact that there is pending, at the time of the commencement of the declaratory action, another action or proceeding which involves the same parties and which may be adjudicating the same identical issues that are involved in the declaratory action." Berberian v.Travisono, 332 A.2d 121, 123 (R.I. 1975). However, instituting a declaratory judgment action after a party has begun to seek relief at the administrative level is permissible, at least insofar as the complaint seeks a declaration that the challenged ordinance or rule is facially unconstitutional or in excess of statutory powers, or that the agency or board has no jurisdiction. Taylor v. Marshall, 376 A.2d 712 (R.I. 1977).
 ANALYSIS
This Court has carefully reviewed the arguments of counsel, as well as the memoranda and affidavits submitted in support of those arguments. Although the parties are substantially in dispute as to the conclusions, as a matter of law that this Court must determine, no party has seriously argued that material facts are in dispute in this case. Accordingly, based on the motions for summary judgment and the objections filed thereto this Court will proceed to decide these motions as a matter of law based on the uncontroverted facts. In doing so, this Court finds the determination of the following issues essential. First, what status is to be accorded to the non-conforming use zoning issue? Second, what meaning is to be given to the Open Space Easement? Third, what meaning is to be given to the Conditional Easement/Agreement? This Court will address each of these issues independently.
 Zoning
On March 21, 2002, Donald Daily, the Town's Zoning Enforcement Officer, issued a Zoning Certificate which stated that "the keeping of horses" on Lot 24 "is a lawful, nonconforming and permitted use and shall be allowed to continue until such time as an overt action for discontinuation is conducted by the property owner." A legal preexisting nonconforming use is a particular use of a piece of property that does not conform to the applicable zoning regulations because it is grandfathered in that the use lawfully existed before the zoning restrictions were enacted, and, as such, it is protected under the law. Rico v. Town ofExeter, 787 A.2d 1136, 1144 (R.I. 2001).
After the issuance of the Zoning Certificate, the matter was appealed and subsequently upheld by the East Greenwich Zoning Board of Appeals. Eventually, the matter was appealed to this Court, where the Town of East Greenwich sought and obtained a remand of the zoning issues to the Municipal Court. On November 22, 2002, the Town of East Greenwich Municipal Court determined that the activities conducted by the Milder's on Lot 24 were not in violation of the East Greenwich Zoning Ordinance because they constituted a legal nonconforming use.
In their motions for summary judgment, the Intervenors and Defendants seek a declaration from this Court that the Zoning Certificate is null and void and does not govern the extent of the permitted uses of Lot 24. Specifically, the Herberts, Duffys and the East Greenwich Preserve Condominium Association argue that the execution of the Open Space Easement by the Malms, as holders of the nonconforming use, evidenced a clear intent and agreement to abandon any prior legal nonconforming use on Lot 24. Conversely, the Milders argue that the zoning issue has been decided and the doctrine of res judicata must apply.
Just as there must be a beginning to zoning relief procedures and litigation, there must be an end to such proceedings. The finality doctrine of res judicata is generally applied to administrative zoning proceedings and zoning litigation to determine the finality accorded earlier decisional proceedings on matters subsequently presented for decision. 4, Arden H. Rathkopf, The Law of Zoning and Planning, § 68:2 (2001). Res judicata embodies the rule that a final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. See Restatement (Second) ofJudgments 31 (1982). Thus, res judicata is invoked when parties seek to relitigate entire causes of action between them and applies to matters which were actually litigated or that could have been litigated in the earlier action. 4, Arden H. Rathkopf, The Law of Zoning and Planning, § 68:2 (2001).
For res judicata principles to apply, the court or tribunal which entered the original judgment or decision must have possessed subject matter jurisdiction. See 1 Restatement (Second) Judgments 2d ch.2, § 11 (1982). Rhode Island Public Law 87-461, states in pertinent part, that the "Municipal Court shall have original jurisdiction of all violations against the ordinance." In this case, the East Greenwich Municipal Court faced the issue of whether the Milders' activities constituted an ordinance violation. In a detailed and well reasoned decision, the Municipal Court determined that because the property was protected by a legal nonconforming use, the Milders could not have violated the ordinance. The East Greenwich Municipal Court decision was an adjudication by a court of competent jurisdiction of the precise issue sought to be revisited now, specifically, whether or not the Milders' actions violated the East Greenwich Zoning Ordinances. Accordingly, that decision requires the application of the rule of res judicata and the Municipal Court's determination that the Milders were not in violation of a zoning ordinance, due to the existence of a legal nonconforming use, must remain intact. Therefore, this Court declares that Lot 24 is protected by a legal nonconforming use zoning certificate.
 Open Space Easement
Despite the existence of a legal nonconforming use zoning certificate, allowing "the keeping of horses" by the Milders on Lot 24, this Court finds that a portion of the Milders property is subject to an Open Space Easement, as delineated in various plat drawings attached to the parties' memoranda.
In the spring of 2002, the Milders predecessors sought a zone change/comprehensive plan amendment to Lot 24. Subsequently, an Open Space Easement was drafted as a condition to the zone change/comprehensive plan amendment. The parties have agreed that the portion of property protected by the Open Space Easement involves approximately 2.7 acres of Lot 24. Specifically, as set forth in the Open Space Easement, the owners and successor owners of Lot 24, including the Milders, will only be allowed:
 "(1) The right to install underground utilities through said conservation area;
 (2) The right to construct and/or maintain perimeter fencing and the right to maintain said area by cutting the grass and removal of brush and dead and/or dying trees thereby permitting the area to be maintained in substantially the same manner in which it has been maintained;
 (3) To allow the grazing of horses and/or similar animals; (4) To allow the area to be used for passive recreational purposes by the owner(s) of the "Charing Hall" Manor House and the owners of those condominium units located within the "East Greenwich Preserve . . ."
The Milders assert that although the property is burdened by an Open Space Easement it does not destroy the legal preexisting nonconforming use. Furthermore, the Milders assert that because the Open Space Easement allows for "passive recreational activities," the existence of horses on the Milders' property must be permitted. In support thereof the Milders rely on the Comprehensive Plan for the Town of East Greenwich which defines passive recreational activities to include horseback riding.
In opposition to the Milders argument, the Duffys, Herberts, and the East Greenwich Preserve Condominium Association assert that the Open Space Easement and approved development plan executed by the Town Council control and restrict the permitted uses of Lot 24. Specifically, the Intervenors and Defendants argue that the execution of the Open Space Easement acts as a waiver of any nonconforming use and insist that the easement restricts the use of the property to grazing.[1]
In construing restrictive covenants or easements, it is recognized that "if there is ambiguity, it is to be resolved in favor of an unrestricted use." Emma v. Silvestri, 101 R.I. 749, 751, 227 A.2d 480, 481 (1967). However, when presented with a clear directive, "we will not . . . seek ambiguity where none exists but rather we will effectuate the purposes for which the restriction was established." Hanley v. Misischi, 111 R.I. 233, 238, 302 A.2d 79. This Court finds that Lot 24 in its entirety is subject to a legal preexisting nonconforming use. However, 2.7 acres of Lot 24 are also subject an Open Space Easement. Although a restriction exists, such restriction is not inconsistent with the legal nonconforming use. Here, the Court finds no ambiguity exists with either the legal nonconforming use or the Open Space easement. Accordingly, on the basis of the undisputed facts, this Court will decide the Herberts' and Duffys' motion summarily.
This Court recognizes that the Open Space Easement presents competing rights. First, the easement permits the "grazing" of horses and similar animals. Second, the easement permits the Milders to "allow the area to be used for passive recreational purposes" by the condominium association and/or themselves. The rights, as established in the Open Space Easement, are neither conflicting nor ambiguous. Accordingly, where no ambiguity exists this Court must enforce the plain meaning of the easement. Id.
Specifically, the Milders may "graze" horses or similar animals. They may not graze any other animals that are not similar to a horse. Without the necessity of deciding what animals may be similar, it is sufficient to note that goats, llamas, and alpacas are not. A fact-finder is not needed to make that determination. They may not stable horses or conduct other equestrian activities, beyond mere "grazing," on the 2.7 acres subject to the Open Space Easement.
Furthermore, although the Open Space Easement allows the owner to grant members of the condominium association the ability to participate in "passive recreation" on the property, this right is not unconditional. A plain reading of the easements indicates that the Milders may "allow the area to be used for passive recreational purposes" by the condominium association. Such language does not require the Milders must grant the condominium association an unconditional right to continuous recreational activities.
Accordingly, this Court finds that the Open Space Easement, as it applies to 2.7 acres of Lot 24, requires the Milders to limit their equestrian activities to "grazing" and allows the condominium association the right to participate in passive recreation at the discretion of the Milders.
 Conditional Easement/Agreement
This Court now turns our attention to the rights and permitted use of the remaining property. On January 20, 2000, Mr. and Mrs. Malm executed a Conditional Easement/Agreement. Specifically, the Conditional Easement/Agreement provides that "in the event the Property is used for single family residential purposes, or regardless of ownership, horses or similar animals are pastured in the corral area, the owners of the Property shall bear the full responsibility and cost of maintenance of the corral area and perimeter fencing."
In reference to this Conditional Easement/Agreement the Milders assert that said document, in concert with the legal nonconforming use zoning certificate, is dispositive. Specifically, the Milders assert they should be permitted to maintain all previously initiated equestrian activities on the property. In opposition thereto, the Intervenors and Defendants assert that even if there once existed a legal nonconforming use, such use was abandoned when the Open Space Easement was executed. Therefore, the Herberts, Duffys and the East Greenwich Preserve Condominium Association conclude that the property may not be utilized for equestrian activities.
Although Defendants and Intervenors are correct in asserting that a nonconforming use can be terminated in cases of abandonment, this Court is prevented from making such determinations. As previously noted, the Municipal Court determined that the activities conducted by the Milder's on Lot 24 were not in violation of the East Greenwich Zoning Ordinance because they constituted a legal nonconforming use. Applying the principal of res judicata again to the present proceedings this Court may not address the matter of abandonment. The issue of abandonment was raised, addressed, and clearly decided in the decision rendered by the Municipal Court. Accordingly, this Court accepts the Municipal Courts finding that Lot 24 is subject to a non-abandoned, legal nonconforming use. Therefore, this Court finds, that with the exception of the property burdened by the Open Space Easement, there is nothing that restricts the Milders from using the remaining property in harmony with the legal nonconforming use.
 CONCLUSION
This Court concludes that the doctrine of res judicata
prevents this Court from further entanglement with the zoning issue. Additionally, this Court finds that 2.7 acres of Lot 24 is burdened by an Open Space Easement. Therefore, the Milders may not conduct equestrian activities except for "grazing" horses or similar animals on said property. Finally, this Court declares, that with respect to the remaining land, the Milders are free to conduct equestrian activities as they see fit.
Accordingly, the Herberts' and Duffys' motion for summary judgment based on Count III of their Counterclaim and East Greenwich Preserve's motion for summary judgment based on Count I of their Complaint, for violation of the Open Space Easement, is hereby granted insofar as the Milder's equestrian activities exceed the restriction of mere "grazing" on 2.7 acres of Lot 24. Count I of the Herberts' and Duffys' motion for summary judgment based on Count I of their Complaint, appealing the decision of the Zoning Board of Appeals, is denied. Finally, the Defendant and Intervenors motion for summary judgment requesting declaratory and injunctive relief is partially granted and partially denied. Their motion is granted insofar as the Milders are prohibited from keeping, stabling, and/or kenneling horses on a full-time basis and from conducting equestrian activities beyond mere "grazing." However, such limitations apply only to the 2.7 acres of Lot 24 that is subject to the Open Space Easement. The Defendant and Intervenors' motion is denied insofar as the East Greenwich Preserve's access to the Open Space is subject to the discretion of the Milders as delineated in the Open Space Easement. The motion is also granted insofar as the Milders are instructed to remove all structures and apparatus erected on the property, subject to the Open Space Easement, not required for permitted grazing.
Conversely, the Milders' cross-motion for summary judgment regarding Count I of their complaint, seeking a declaration that the keeping and maintaining of horses on the Lot 24 is a legal non-conforming and permitted use is granted. However, such a declaration is limited by the rights as defined in the Open Space Easement. Finally, the Milders motion for summary judgment seeking a declaration that the keeping and maintaining of horses on the property is consistent with the Open Space Easement is denied.[2]
Counsel are directed to prepare a form of judgment for entry consistent with this decision.
[1] The Intervenors and Defendants argue that grazing does not include keeping, maintaining, stabling or jumping horses or other equestrian activity.
[2] At the conclusion of this matter this Court must now determine what, if any, counts remain in the three consolidated cases. In KC 03-082 all counts have been dismissed. In KC 02-873 the remaining counts include: (1) Plaintiff's counterclaims against the Duffy's and Herbert's for abuse of process and (2) the Duffy and Herberts' counterclaim against the Milders for nuisance and trespass. Finally, in KC 03-522 the East Greenwich Preserves claim against the Milders for Nuisance also remains. In view of the decision herein presented, the parties are directed to file, if warranted, such further stipulations, dispositive motions, and/or motions to assign for trial as are necessary to facilitate the resolution of such remaining causes of action.