Charles RANDALL

v.

STATE.

No. 91–511–C.A.

Supreme Court of Rhode Island.

June 5, 1992.

Dominic St. Angelo, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Jane McSoley, Jeffrey Greer, Asst. Attys. Gen., for defendant.

## OPINION

PER CURIAM.

This matter is before the Supreme Court on an order issued to the petitioner to appear and show cause why the issues raised in this appeal should not be summarily decided. The petitioner has appealed from the granting of a motion for summary judgment filed by the state in response to his application for postconviction relief. The petitioner was ordered to appear and show cause why his appeal should not be denied and dismissed.

The petitioner was convicted after a jury trial of sexually assaulting a child under the age of thirteen. In his application for postconviction relief petitioner alleged that he was prejudiced by the ineffective assistance of his trial counsel in that the attorney failed to investigate certain aspects of a medical condition from which petitioner suffered and also failed to request a continuance so that a physician could testify. The state moved for summary judgment and submitted with it an affidavit from the defense attorney in which he discussed the decisions he had made that petitioner questioned.

Since a claim of ineffective assistance of counsel raises questions of fact, disposition of such a case by way of summary judgment is not possible. Summary judgment is appropriate only when there is no issue of material fact, only a question of law. The purpose of summary judgment is issue finding, not issue determination. *Saltz-*man v. Atlantic Realty Co., 434 A.2d 1343 (R.I.1981). And when determining whether any issue of material fact does exist, the trial justice, like the Supreme Court on review, views the pleadings and the affidavits and the other relevant documents in the light most favorable to the opposing party. *Mullins v. Federal Dairy Co.*, 568 A.2d 759 (R.I.1990).

We acknowledge that the order to show cause in this case was directed to the petitioner to show cause why his appeal should not be denied and dismissed. However, since it is obvious that the judgment below will have to be vacated, we shall so order at this time.

For these reasons the petitioner's appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court for a hearing on the merits.