**Supreme Court**

No. 2011-297-Appeal.
(PM 08-7298)

| | |
|---|---|
| Joseph Hall | : |
| v. | : |
| State of Rhode Island. | : |

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|             |   |                       |
|-------------|---|-----------------------|
| Joseph Hall | : |                       |
| v.          | : |                       |
| State of Rhode Island. | : |            |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.** This case came before the Supreme Court on January 23, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The applicant, Joseph Hall (Hall), appeals from a judgment that denied his application for postconviction relief. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time. We affirm the judgment of the Superior Court.

**Facts and Travel**

The facts underlying Hall's conviction are set forth in detail in State v. Hall, 940 A.2d 645, 649-52 (R.I. 2008). We recount only those facts relevant to the issues raised in Hall's application. In June 2006, Hall was tried in Superior Court for unlawfully carrying a pistol without a license; possession of a firearm after a conviction of a crime of violence; discharging a firearm within city limits; eluding a police officer; and resisting arrest. The state called Agent Edward Troiano (Agent Troiano), an Alcohol, Tobacco, Firearms, and Explosives agent. When questioned about the statement Agent Troiano obtained from Hall on the night Hall was arrested,

Agent Troiano indicated—over Hall's objection—that he did not believe Hall's statement was "accurate and honest." Faced with this testimony, the trial justice offered to give a curative instruction to the jury to disregard the testimony or, in the alternative, to consider a mistrial. After defense counsel was instructed to discuss these alternatives with Hall, Hall opted for a cautionary instruction and one was given, to which there was no objection.

The jury found Hall guilty on all counts. On direct appeal, Hall challenged an out-of-court identification, the competency of an eyewitness, aspects of the Habitual Offender Act, and the alleged involuntariness of his recorded statements. We affirmed the conviction. Hall, 940 A.2d at 660.

On November 19, 2008, Hall filed an application for postconviction relief, claiming that he was denied a fair and impartial trial because the jury was improperly instructed. Further, Hall claimed that the trial justice erred when he permitted Agent Troiano to "offer to the jury an opinion on the truthfulness of a statement that [Hall] made."

Hall's court-appointed counsel filed a "no-merit memorandum" and a motion to withdraw, in accordance with Shatney v. State, 755 A.2d 130 (R.I. 2000).[1] The memorandum suggested that one claim might conceivably have merit: the claim that the trial justice

---

[1] "In Shatney, we established a procedure by which an attorney * * * who has been appointed to represent an applicant for postconviction relief may later seek to withdraw from that representation under specific and limited circumstances[.]" Campbell v. State, 56 A.3d 448, 455 (R.I. 2012). Specifically,

"[u]pon notice to the applicant, counsel for an applicant may request permission from the court to withdraw, based upon an assessment that the application has no arguable merit. To do so, however, appointed counsel must file with the court and serve upon the applicant a motion to withdraw accompanied by a 'no-merit' memorandum that details the nature and extent of his or her review of the case, lists each issue the applicant wished to raise, and explains why in counsel's professional opinion those issues and any others that he or she may have investigated lacked merit." Id. (quoting Shatney v. State, 755 A.2d 130, 135 (R.I. 2000)).

improperly permitted Agent Troiano to offer an opinion on the truthfulness of Hall's statement. Even so, counsel reasoned that Hall's "rights were promptly protected by his defense attorney's objection when the issue of a mistrial was raised." Because Hall "chose not to pursue a mistrial but [rather] to allow the trial to continue with a curative instruction," counsel concluded that the postconviction-relief claim was without merit.

At the October 19, 2009 hearing on Hall's application, the trial justice granted counsel's motion to withdraw. The trial justice informed Hall that he would not provide him with another lawyer, but stated that he would hear Hall's arguments. Hall simply pointed to his application—which was "right there in front of [the trial justice]"—but did not offer anything other than the contention that he was "railroaded" and "the whole case, period, was bogus." In requesting that the application be denied, the state argued that Hall had fallen short of his burden of proof; none of the issues raised in the postconviction-relief application were raised on direct appeal. The trial justice found that "[c]autionary instructions were offered, requested, given," and "[t]he transcript clearly reflects every effort to provide [Hall] with a fair trial."[2] The trial justice found that the application was "devoid of any merit whatsoever" and denied and dismissed it.

On appeal to this Court, Hall raises one claim of error: "he did not receive a fair and impartial trial due to vouching by one of the [state's] * * * witnesses * * * [that was] done in the presence of the [j]ury."[3] He argues that it is "naïve" to assume that "prejudicial effects can be overcome by instructions to the jury" and, in fact, the damaging testimony "created a strong impression on the [j]ury." The cautionary instruction, according to Hall, did not cure the

---

[2] When pressed regarding his allegation that he was "railroaded," Hall conceded that he had no basis for that contention.

[3] Hall filed his postconviction-relief application and appeal pro se; appellate counsel was appointed by this Court.

prejudicial effects of the testimony and "[t]he trial justice * * * did commit error of [a] constitutional magnitude by allowing the trial to proceed."

## Standard of Review

The statutory remedy of postconviction relief set forth in G.L. 1956 § 10-9.1-1 is "available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interest of justice." Sosa v. State, 949 A.2d 1014, 1016 (R.I. 2008) (quoting Pierce v. Wall, 941 A.2d 189, 192 (R.I. 2008)). When reviewing the grant or denial of postconviction relief, the trial justice's factual findings and credibility determinations will be upheld "absent clear error or a determination that the hearing justice misconceived or overlooked material evidence." Lynch v. State, 13 A.3d 603, 605 (R.I. 2011) (quoting Rodrigues v. State, 985 A.2d 311, 313 (R.I. 2009)); see also Rice v. State, 38 A.3d 9, 17 n.11 (R.I. 2012) (stating that this Court will not disturb credibility determinations "unless the [applicant] 'demonstrate[s] by a preponderance of the evidence that the [hearing] justice was clearly wrong.'" quoting Fontaine v. State, 602 A.2d 521, 526 (R.I. 1992)).

## Discussion

Before this Court, Hall argues that Agent Troiano's testimony was prejudicial and not capable of being cured with a cautionary instruction. Hall also challenges the instruction given by the trial justice, which Hall characterizes as "radically defective" and insufficient to "remove th[e] taint."

Section 10-9.1-8 "codifies the doctrine of res judicata as applied to petitions for post-conviction relief." Taylor v. Wall, 821 A.2d 685, 688 (R.I. 2003) (quoting State v. DeCiantis,

813 A.2d 986, 993 (R.I. 2003)); see also Price v. Wall, 31 A.3d 995, 999 & n.10 (R.I. 2011).

Section 10-9.1-8 provides in pertinent part:

> "Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief."

"Res judicata bars the relitigation of any issue that could have been litigated in a prior proceeding, including a direct appeal, that resulted in a final judgment between the same parties, or those in privity with them." Taylor, 821 A.2d at 688; see also Price, 31 A.3d at 999-1000. "Under § 10-9.1-8, an applicant is permitted to assert an otherwise estopped ground for relief only if it is in the 'interest of justice.'" Ferrell v. Wall, 971 A.2d 615, 621 (R.I. 2009). Accordingly, before we consider the merits of the claims, we first assess whether they are procedurally precluded.

Hall argues that the cautionary instruction was error and that a mistrial was the proper course of action, despite his failure to raise the issue on direct appeal. However, we conclude that this issue has been waived. The record establishes that the trial justice provided Hall with two choices: mistrial or a cautionary instruction. Hall elected the cautionary instruction, thereby waiving any right to a mistrial. Hall received the remedy of his own choice; he failed to object to the instruction at the time it was given; and he did not raise the issue on direct appeal. It is apparent that Hall and his trial attorney were well aware of the grounds upon which a mistrial could have been granted; the trial justice openly offered that remedy as an alternative to the cautionary instruction.

The purported inadequacy of the cautionary instruction is likewise barred by res judicata,

and, as a result, is not properly before us.  See Taylor, 821 A.2d at 688 ("Res judicata bars the relitigation of any issue that could have been litigated in a prior proceeding, including a direct appeal * * *."); see also State v. Higham, 865 A.2d 1040, 1047 (R.I. 2004) (finding that a defendant had "failed to preserve for review any issue concerning the adequacy of the trial justice's curative instruction" because he failed to raise any objection to it at the time it was given).  Here, Hall could have raised the issue of the alleged improper cautionary instruction on direct appeal and, therefore, he was barred from raising the claim in his application for postconviction relief.  We therefore affirm the denial of the improper jury instructions claim.

**Conclusion**

For the reasons articulated above, we affirm the judgment below.  The papers may be remanded to the Superior Court.


**TITLE OF CASE:**     Joseph Hall v. State of Rhode Island.

**CASE NO:**     No. 2011-297-Appeal.
(PM 08-7298)

**COURT:**     Supreme Court

**DATE OPINION FILED:**  March 1, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**     Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

     Associate Justice Robert D. Krause

**ATTORNEYS ON APPEAL:**

     For Applicant:  Robert J. Caron, Esq.

     For State:  Virginia M. McGinn
          Department of Attorney General