**Supreme Court**
No. 2013-316-Appeal.

|                       |     |
|-----------------------|-----|
| Juan Martinez         | :   |
| v.                    | :   |
| State of Rhode Island.| :   |

**O R D E R**

This case came before the Supreme Court on October 7, 2015, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

Following a trial in 2000, applicant, Juan Martinez, was convicted of one count of sexual assault in the first degree. He was sentenced to a term of twenty-five years with fifteen years suspended and probation of fifteen years. The judgment of conviction was affirmed by this Court in State v. Martinez, 824 A.2d 443 (R.I. 2003). In 2004, Martinez filed an application for postconviction relief that asserted several grounds, including several claims of ineffective assistance of counsel and an application for DNA testing. The applicant apparently pursued only the DNA testing of evidence in that application, which was ultimately denied by a justice of the Superior Court on April 27, 2006. That decision was not appealed to this Court.

- 1 -

On October 1, 2008, Martinez filed a second application for postconviction relief, which was heard in the Superior Court of Providence County on January 19, 2012. The trial justice granted the state's motion to dismiss the application on <u>res judicata</u> grounds because Martinez's first application included, or could have included, the particular arguments raised in his second application. Those arguments included several grounds for postconviction relief, including ineffective assistance of counsel. The applicant timely appealed.

Before this Court, applicant argues that the trial justice should not have granted the state's motion to dismiss because of an apparent discrepancy between G.L. 1956 § 10-9.1-11, Rhode Island's Innocence Protection Act, and the doctrine of <u>res judicata</u>, codified in § 10-9.1-8.

Section 10-9.1-8 requires that:

> "All grounds for relief available to an applicant at the time he or she commences a proceeding under this chapter must be raised in his or her original, or a supplemental or amended, application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief."

Whereas, § 10-9.1-11(c) provides in pertinent part that:

> "Notwithstanding any other provision of law governing postconviction relief, any person who was convicted of and sentenced for a crime may, at any time, file a petition with the superior court requesting the forensic DNA testing of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court."

The applicant contends that, because there was no decision on the other issues raised in the first application, § 10-9.1-11 prohibits the preclusive effect of § 10-9.1-8 on his second application. Although this Court has never addressed the preclusive nature of § 10-9.1-11, nor how it should

be read to interact with § 10-9.1-8, it is apparent that applicant's argument is without merit for the particular reason that his first application for postconviction relief did indeed raise several claims of ineffective assistance of counsel, apart from his request for DNA analysis. However, applicant chose not to pursue those claims before the first trial justice.

Our jurisprudence on this issue is quite firm. "Res judicata bars the relitigation of any issue that could have been litigated in a prior proceeding, including a direct appeal, that resulted in a final judgment between the same parties, or those in privity with them." Hall v. State, 60 A.3d 928, 932 (R.I. 2013) (quoting Taylor v. Wall, 821 A.2d 685, 688 (R.I. 2003)). Because the applicant did in fact raise issues of ineffective assistance of counsel in the earlier postconviction-relief action despite his decision to neither press those issues in that action, nor to appeal them, he is now barred from litigating those issues. Consequently, the hearing justice did not err in denying the applicant's second application.

We affirm the judgment of the Superior Court.



Entered as an Order of this Court this 18th day of December.

By Order,



_____/s/_____
Clerk


**TITLE OF CASE:**        Juan Martinez v. State of Rhode Island.

**CASE NO:**        **N**o. 2013-316-Appeal.
(PM 08-6326)

**COURT:**        Supreme Court

**DATE ORDER FILED:**        December 18, 2015

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

**WRITTEN BY:**        N/A – Court Order

**SOURCE OF APPEAL:**        Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Francis J. Darigan

**ATTORNEYS ON APPEAL:**

For Applicant:   Susan B. Iannitelli, Esq.

For Defendant:   Aaron L. Weisman
Department of Attorney General