November 27, 2018

**Supreme Court**

No. 2016-251-M.P.
(WM 13-101)

|  |  |
|---|---|
| Luigi Ricci | : |
| v. | : |
| State of Rhode Island. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Luigi Ricci               :

v.                 :

State of Rhode Island.      :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  On August 29, 2016, Luigi Ricci petitioned this Court for the issuance of a writ of certiorari to review a June 13, 2014 judgment entered against him in Washington County Superior Court granting the state's motion for summary judgment and denying Mr. Ricci's application for postconviction relief.  On October 14, 2016, this Court granted Mr. Ricci's petition for a writ of certiorari.

Mr. Ricci contends before this Court that the hearing justice erred in granting the motion for summary judgment for the following reasons: (1) "ineffective assistance of counsel is a material fact;" (2) "claims of ineffective assistance of counsel cannot be barred by *res judicata*;" (3) the hearing justice did not hold an evidentiary hearing, which Mr. Ricci contends he was entitled to given the severity of his sentence; (4) the hearing justice "utilized the 'farce and mockery' standard which was abolished by this Court;" (5) the hearing justice "utilized a higher standard of proof than the statute requires;" (6) "[t]he interest of justice requires that [Mr. Ricci] be permitted to assert the tardiness of the habitual offender notice as grounds for relief;" and

- 1 -

(7) "[t]he interest of justice requires that [Mr. Ricci] be permitted to assert the lack of consent to the amendment of the criminal indictment as grounds for relief."

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this case should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this case may be decided at this time.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Travel

On December 18, 2009, Mr. Ricci entered Francis Quinn's home. Mr. Ricci knocked Mr. Quinn to the floor and put his hands around Mr. Quinn's throat before taking approximately forty dollars from him and fleeing. Mr. Quinn recognized the assailant's voice and identified him to the police as Mr. Ricci. On September 30, 2010, Mr. Ricci was found guilty by a jury on the following three counts: burglary, in violation of G.L. 1956 § 11-8-1; robbery in the first degree, in violation of G.L. 1956 § 11-39-1(a)(3); and assault on a person over the age of sixty, in violation of G.L. 1956 § 11-5-10. Mr. Ricci was sentenced as follows: (1) on the first count, thirty years with twenty years to serve and ten years suspended with probation; (2) on the second count, thirty years with twenty years to serve and ten years suspended with probation; and (3) on the third count, ten years to serve. All sentences were to run concurrently. Additionally, at sentencing, Mr. Ricci was declared an habitual offender and was sentenced to fifteen years with at least ten years to serve before becoming eligible for parole, to run consecutively.

Mr. Ricci appealed to this Court and contended on appeal that the trial justice committed reversible error in failing to adequately instruct the jury as to how to assess credibility, in failing to instruct the jury that a history of drug abuse could weaken credibility, and in denying Mr. Ricci's motion for a new trial. This Court affirmed Mr. Ricci's conviction in *State v. Ricci*, 54 A.3d 965 (R.I. 2012). In the course of relating the facts in that opinion, the Court made two observations in footnotes to which Mr. Ricci directs our attention in the instant case. The first of those footnotes is footnote 1, which reads as follows:

> "On [the assault count], the original indictment incorrectly charged defendant with violating G.L. 1956 § 11-5-20, rather than § 11-5-10. We pause to note that although the state later filed an 'amended indictment' correcting this error in open court, and defense counsel did not object, it is unclear from the record whether defendant himself consented to the 'amended indictment' in accordance with Rule 7 of the Superior Court Rules of Criminal Procedure." *Ricci*, 54 A.3d at 967 n.1.

Subsequently, in footnote 2, this Court stated the following:

> "It appears from our review of the record that the Attorney General did not present Ricci as a habitual offender either within forty-five days of the arraignment or prior to the date of the first pretrial conference, as required by the statute. However, this issue is not before us on appeal." *Id.* at 967 n.2.

On February 15, 2013, Mr. Ricci filed a *pro se* application for postconviction relief, in which he alleged: (1) that the indictment in his case was "improperly amended without [his] consent;" (2) that he was "improperly sentenced as an habitual offender because [he] was not presented as an habitual offender within forty-five days of arraignment or prior to the first pretrial conference;" and (3) that his "trial attorney was ineffective for failing to object to the amendment of the indictment, and for failing to object to the untimely habitual offender notice and sentence." Mr. Ricci was then provided with court-appointed counsel; that attorney subsequently filed a no-merit memorandum and a motion to withdraw pursuant to the dictates of

*Shatney v. State*, 755 A.2d 130 (R.I. 2000). That motion was granted, and Mr. Ricci thereafter engaged private counsel.

In March of 2014, Mr. Ricci's private counsel submitted a "Post Conviction Relief Pre-Hearing Memorandum." In that document, the above-summarized allegations were expanded to include the further allegations that Mr. Ricci's trial counsel had been ineffective for: (1) his "failure to establish a sound theory of the case;" (2) his "failure to make effective and timely objections" concerning the prosecutor's opening statement, the direct and re-direct testimony of Mr. Quinn, the testimony of Walter French,[1] and the admission of the transcript of Mr. Quinn's 911 call; (3) his "failure to effectively impeach the state's key witness;" and (4) his "failure to make an effective final argument."

On April 11, 2014, the state moved for summary judgment pursuant to G.L. 1956 § 10-9.1-6.[2] A hearing on that motion took place on June 13, 2014 in Superior Court. At the close of that hearing, the hearing justice granted the state's motion for summary judgment.

---

[1]     Walter French was a former friend of Mr. Ricci who testified at trial.

[2]     General Laws 1956 § 10-9.1-6 provides in pertinent part as follows:

> "(b) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a genuine issue of material fact.
>
> "(c) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that

In rendering her opinion, the hearing justice began by describing at some length the factual and procedural history of the case. The hearing justice next noted that the burden of proof with respect to an application for postconviction relief was on the petitioner, Mr. Ricci. She then began her analysis by addressing the contention that the habitual offender notice was not filed at the appropriate time. She concluded that the notice was in fact timely and that, regardless, the doctrine of *res judicata* barred consideration of the argument because it could have been raised in Mr. Ricci's direct appeal. With respect to the amendment of Mr. Ricci's indictment, she determined that the statutory citation error in the indictment was not prejudicial to Mr. Ricci and, as such, was not an "error in form" as contemplated by Rule 7(e) of the Superior Court Rules of Criminal Procedure, which would have required his consent to amend the indictment. She further held that, in any event, that issue was similarly barred by the doctrine of *res judicata*.

The hearing justice also addressed the allegations of ineffective assistance of trial counsel. She noted that Mr. Ricci had the burden of demonstrating the existence of a genuine issue of material fact and that he could not rely on mere allegations, unsupported statements, and pleadings. She concluded that Mr. Ricci had not met that burden because he had presented "no affidavit or other evidence * * * that demonstrate[d] that [Mr. Ricci] was prejudiced inasmuch as the jury would have acquitted him had it not been for counsel's alleged defective examinations, his inadequate final argument, and his failure to object at various times during the trial * * *." She also noted that there was "overwhelming evidence" against Mr. Ricci.

Accordingly, on June 13, 2014, a judgment entered granting the state's motion for summary judgment and denying Mr. Ricci's application for postconviction relief. On August 29,

---

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

2016, Mr. Ricci filed a petition for the issuance of a writ of certiorari for review of that judgment, which petition this Court subsequently granted.

## II

### Standard of Review

We begin by noting that "[o]ur review of a case on certiorari is limited to an examination of the record to determine if an error of law has been committed." *DeCurtis v. Visconti, Boren & Campbell, Ltd.*, 152 A.3d 413, 420-21 (R.I. 2017) (internal quotation marks omitted). "In addition to examining the record for judicial error, we inspect the record to discern if there is any legally competent evidence to support the findings of the hearing justice below." *Id.* at 421 (internal quotation marks omitted).

Section 10-9.1-1 provides for the statutory remedy of postconviction relief, which is "available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interest of justice." *Duvere v. State*, 151 A.3d 314, 317 (R.I. 2017) (internal quotation marks omitted). In the instant case, the state moved for summary judgment pursuant to § 10-9.1-6.[3] Under § 10-9.1-6(c), the hearing justice is tasked with examining the pleadings, depositions, answers to interrogatories,

---

[3] We note that it is not clear from the state's "Motion for Summary Judgment" whether it was moving for summary dismissal pursuant to § 10-9.1-6(b) or (c). *See* footnote 2, *supra*. This Court has stated that subsection (b) requires that the *nisi prius* court utilize the same standard as it utilizes when dealing with a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, whereas a decision pursuant to subsection (c) "closely resembles a decision for summary judgment" under Rule 56 of the Superior Court Rules of Civil Procedure. *Palmigiano v. State*, 120 R.I. 402, 404-05, 387 A.2d 1382, 1384 (1978).

The state's motion does not specify which subsection of § 10-9.1-6 is being relied upon. It is titled as a "Motion for Summary Judgment." However, it also references Rule 12(b)(6) as the rule on which it is relying in moving to dismiss Mr. Ricci's application. The hearing justice clearly couched her decision as a decision pursuant to subsection (c). Accordingly, we conduct our review of her decision pursuant to subsection (c).

admissions, agreements of fact, and affidavits submitted and determining only whether or not genuine issues of material fact exist; the hearing justice may not resolve those issues or "pass on the weight or credibility of the evidence." *Doyle v. State*, 122 R.I. 590, 594, 411 A.2d 907, 909 (1980). As such, a summary dismissal under § 10-9.1-6(c) "closely resembles" a grant of summary judgment under Rule 56 of the Superior Court Rules of Civil Procedure and "[t]he standards for granting a § 10-9.1-6(c) [summary dismissal] motion are identical to those utilized in passing on a summary judgment motion." *Palmigiano v. State*, 120 R.I. 402, 405, 406, 387 A.2d 1382, 1384, 1385 (1978). Accordingly, "[w]e will uphold the [hearing] justice's decision only if the record shows that no genuine issue of material fact exists and the state is entitled to summary disposition as a matter of law." *Id.* at 406-07, 387 A.2d at 1385. Just as in cases that deal with summary judgment pursuant to Rule 56, our review in this case is *de novo*. *See Adams v. Santander Bank, N.A.*, 183 A.3d 544, 547 (R.I. 2018).

## III

## Analysis

### A

### *Res Judicata*

We begin our analysis of Mr. Ricci's contentions by addressing his contention in his *pro se* application for postconviction relief that, in his original criminal case, notice that he would be deemed an habitual offender if convicted was filed outside the time frame provided for in G.L. 1956 § 12-19-21(b). We shall also address his argument, set forth in his application for postconviction relief, that the trial justice erred in permitting the amendment of his indictment

without his consent, which consent he alleges was required pursuant to Rule 7(e) of the Superior Court Rules of Criminal Procedure.[4]

However, we need not delve any further into the specific facts forming the basis of Mr. Ricci's arguments in this portion of the opinion, due to our conclusion that his contentions were barred by the doctrine of *res judicata* and could not be raised in Mr. Ricci's application for postconviction relief.

The doctrine of *res judicata* as applied to applications for postconviction relief is codified in § 10-9.1-8. *Hall v. State*, 60 A.3d 928, 931 (R.I. 2013); *see also Ferrell v. Wall*, 971 A.2d 615, 620 (R.I. 2009). That section provides in pertinent part as follows:

> "Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief." Section 10-9.1-8.

Thus, the doctrine of *res judicata* "bars the relitigation of any issue that could have been litigated in a prior proceeding, including a direct appeal, that resulted in a final judgment between the same parties, or those in privity with them." *Hall*, 60 A.3d at 932 (internal quotation marks omitted); *see Lamoureux v. State*, 93 A.3d 958, 962 (R.I. 2014); *see also Campbell v. State*, 56 A.3d 448, 457 (R.I. 2012); *Bossian v. Anderson*, 991 A.2d 1025, 1027 (R.I. 2010). It is clear that the same parties who were involved in Mr. Ricci's direct appeal (*viz.*, the state and Mr. Ricci) are involved in the instant application for postconviction relief. Additionally, Mr. Ricci's direct appeal clearly resulted in a final judgment. And, most importantly, Mr. Ricci could have raised

---

[4] Mr. Ricci further contends that his trial counsel was ineffective for failing to raise the allegedly untimely filing of the habitual offender notice and for failing to object to the amendment of the indictment. Those contentions are addressed in Part III.B, *infra*.

his contention with respect to the timeliness of the habitual offender notice in his direct appeal. He could also have raised at that time his contention that it was error for the trial justice to allow the amendment of his indictment without his consent. For those reasons, those contentions are barred from consideration before this Court.[5]

As § 10-9.1-8 states, there is an exception to the application of the doctrine of *res judicata* in postconviction relief cases when the Court finds that the contention should be considered "in the interest of justice." Mr. Ricci argues, in his supplemental memorandum filed in accordance with Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, that that exception applies to this case. We have stated that "the interest of justice" exception "can be defined only upon a review of the facts in a particular case." *Ferrell*, 971 A.2d at 621. After our thorough review of the record and the arguments presented to this Court, we simply cannot conceive of any reason—nor have we been directed to any reason other than with respect to the length of his sentence—that the "interest of justice" exception is applicable to this case.

Accordingly, in our judgment, Mr. Ricci's contention that he received the habitual offender notice out of time and his contention that the trial justice erred in allowing the amendment of Mr. Ricci's indictment are barred.

---

[5]  Mr. Ricci has raised in this case, with particular reference to the amendment to the indictment, the issue of whether or not a contention of ineffective assistance of counsel can be barred by the doctrine of *res judicata*. We need not address that issue. Mr. Ricci's contention that the trial justice impermissibly permitted the amendment of his indictment, in his *pro se* application for postconviction relief, is barred by *res judicata*. With respect to his contention that his trial counsel was ineffective for failing to object to the amendment, he has failed to present any evidence to show a genuine issue of material fact. *See* Part III.B, *infra*.

**B**

**Ineffective Assistance of Counsel**

It is well settled that we "pattern [our] evaluations of the ineffective assistance of counsel claims under the requirements of" *Strickland v. Washington*, 466 U.S. 668 (1984). *Barros v. State*, 180 A.3d 823, 828 (R.I. 2018) (internal quotation marks omitted). That standard consists of two prongs, and a defendant must satisfy both prongs. *Id.* at 829. First, an applicant for postconviction relief must prove that "counsel's performance was deficient, to the point that the errors were so serious that trial counsel did not function at the level guaranteed by the Sixth Amendment;" counsel's performance "must have fallen below an objective standard of reasonableness * * * considering all the circumstances." *Page v. State*, 995 A.2d 934, 942 (R.I. 2010) (internal quotation marks omitted). There is "a strong (albeit rebuttable) presumption * * * that counsel's performance was competent" and that "counsel's strategy and tactics fall within the range of reasonable professional assistance." *Barros*, 180 A.3d at 829 (internal quotation marks omitted).

To satisfy the second prong of the *Strickland* standard, an applicant must "demonstrate that the deficient performance was so prejudicial to the defense and the errors were so serious as to amount to a deprivation of the applicant's right to a fair trial." *Page*, 995 A.2d at 943 (internal quotation marks omitted); *see also Young v. State*, 877 A.2d 625, 629 (R.I. 2005). Specifically, the second prong of *Strickland* "requires a showing that there is a reasonable probability that, *but for* counsel's unprofessional errors, the result of the proceeding would have been different." *Barros*, 180 A.3d at 829 (emphasis in original) (internal quotation marks omitted). "[It] is a 'highly demanding and heavy burden.'" *Id.* (quoting *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006)).

In his application for postconviction relief and his subsequent "Post Conviction Relief Pre-Hearing Memorandum," Mr. Ricci raised numerous allegations of ineffective assistance of counsel. It was his contention that his counsel was ineffective in the following ways: (1) "failing to object to the untimely habitual offender notice and sentence;" (2) "failing to object to the amendment of the indictment;" (3) failing to "establish a sound theory of the case;" (4) failing to "make effective and timely objections," specifically as to the prosecutor's mention of Mr. Ricci's potential alibi witness during her opening statement, the prosecutor's reading of a document to Mr. Quinn during his direct testimony, leading questions during the re-direct examination of Mr. Quinn, leading questions during the testimony of Walter French, and admission of the redacted transcript from Mr. Quinn's 911 call; (5) failing to effectively impeach Mr. Quinn; (6) failing to make an effective closing argument; and (7) failing to "demand DNA testing for blood found at the scene of the crime."[6]

Before this Court, Mr. Ricci contends that the hearing justice erred in granting summary judgment in the state's favor on his claims of ineffective assistance of counsel. Specifically, he posits that "ineffective assistance of counsel is a material fact" because determinations of credibility cannot be made at the summary judgment stage. He cites to the following sentence in *Randall v. State*, 609 A.2d 949 (R.I. 1992), to support his contention: "Since a claim of ineffective assistance of counsel raises questions of fact, disposition of such a case by way of summary judgment is not possible." *Randall*, 609 A.2d at 950. Finally, it is his contention that the hearing justice could not make credibility determinations without an evidentiary hearing.

---

[6] The allegation of ineffective assistance of counsel with respect to the failure to demand DNA testing was first raised in Mr. Ricci's June 6, 2014 "Addendum to the Memorandum of Law in Objection to Responden[t]'s Motion for Summary Judgment."

We must first address the *Randall* case on which Mr. Ricci relies. While Mr. Ricci accurately quotes from that opinion, we are of the view that the statement in that opinion to the effect that allegations of ineffective assistance of counsel raise issues of fact that cannot be disposed of by way of summary judgment is not a blanket statement intended to apply to every allegation of ineffective assistance of counsel.

We turn next to Mr. Ricci's contention that his trial counsel was ineffective for failing to raise the allegedly untimely filing of the habitual offender notice. Section 12-19-21(b) states in pertinent part as follows:

> "Whenever it appears a person shall be deemed a 'habitual criminal,' the attorney general, within forty-five (45) days of the arraignment, but in no case later than the date of the pretrial conference, may file with the court a notice specifying that the defendant, upon conviction, is subject to the imposition of an additional sentence in accordance with this section[.]"

In the instant case, Mr. Ricci was arraigned on April 8, 2010. The habitual offender notice was filed on June 21, 2010. Mr. Ricci contends that the first pretrial conference in the instant case occurred on May 17, 2010. However, the hearing justice stated that the May 17, 2010 pretrial conference was "vacated" and was conducted on June 21, 2010 instead. Our review of the record confirms the hearing justice's statement. Thus, the habitual offender notice in the instant case was filed outside the forty-five day window provided for in the statute, but on the same day as the first pretrial conference. In *State v. Peterson*, 722 A.2d 259 (R.I. 1998), this Court held that an habitual offender notice filed outside the forty-five day window provided for in the statute but before the first pretrial conference was timely. *Peterson*, 722 A.2d at 263-64, 265. In that case, the arraignment took place on July 22. *Id.* at 263. The pretrial conference had been continued due to the defendant's "difficult relationship with attorneys who were appointed to represent him" from September 2 (within the forty-five day window) to November 18 (outside

the window).  *Id.*  The habitual offender notice was filed on November 10, outside the forty-five

day window.  *Id.*  We specifically stated in *Peterson* that "[t]he state should not be deprived of its

statutory right to seek enhanced sentencing merely because a pretrial conference is continued."

*Id.* at 265.  Given the existence of such a holding in our jurisprudence, it cannot be said that an

attorney was ineffective for failing to raise an argument about a purported untimely filing of the

habitual offender notice in this case.  Accordingly, we perceive no reversible error by the hearing

justice with respect to the issue of the ineffectiveness of trial counsel for failure to raise the

timeliness of the habitual offender notice.

The next allegation of ineffective assistance of counsel to be addressed is Mr. Ricci's

contention that it was ineffective for his counsel to have failed to object to the amendment of his

indictment.  He contends that the amendment of his indictment required his consent and, as this

Court noted in *Ricci*, 54 A.3d at 967 n.1, that consent was not given.  Rule 7(e) of the Superior

Court Rules of Criminal Procedure provides in pertinent part as follows:

> "At any time prior to verdict or finding, the court may with the consent of the defendant permit the indictment to be amended to correct an error in form or the description of the offense intended to be charged or to charge a lesser included offense."

Meanwhile, Rule 7(c) states in pertinent part:

> "Error in the citation or its omission shall not be grounds for dismissal of the indictment, information, or complaint or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice."

As the hearing justice noted in the instant case, this Court reconciled those two rules in *State v.*

*Donato*, 414 A.2d 797 (R.I. 1980).  In that case, we were likewise confronted with an error as to

a statutory citation in the indictment.  *Donato*, 414 A.2d at 801.  We held that "a nonprejudicial

error in statutory citation simply * * * could not properly be deemed to be a Rule 7(e) 'error in

form.'" *Id.* at 802. As such, it was our holding that in such circumstances the defendant's consent was not required to correct such an error. *Id.* at 802-03. We went on to state that only if the error were prejudicial to the defendant would it be deemed an "error in form" under Rule 7(e) requiring the defendant's consent to amend the indictment. *Id.* We held that the citation error in the indictment in that case was not prejudicial. *Id.* at 804.

The indictment in the instant case charged Mr. Ricci with "knowingly and willfully commit[ting] an assault and battery upon Francis Quinn, he being a person over Sixty (60) years of age, causing bodily injury, in violation of § 11-5-20 of the General Laws of Rhode Island * * *." The citation in the indictment should have been to § 11-5-10 rather than § 11-5-20. That error was certainly not prejudicial to Mr. Ricci, because it was clear what crime he was being charged with from the text of the indictment. *See Donato*, 414 A.2d at 804. The citation error was clearly of the *de minimis* variety. As such, Mr. Ricci's consent was not required for the indictment to be amended. We perceive no error on the part of the hearing justice in finding that there was no evidence to demonstrate a genuine issue of material fact concerning Mr. Ricci's allegation that his trial counsel was ineffective in failing to object to the amendment of the indictment.

What is more, with respect to the remaining allegations of ineffective assistance of counsel, our thorough review of the hearing justice's decision indicates that, contrary to the assertion of Mr. Ricci, she did not make credibility determinations. Rather, it was her clear holding that Mr. Ricci had produced no evidence to indicate that any of the remaining allegedly ineffective actions or inactions by his trial counsel had resulted in any prejudice to him; specifically, she found that Mr. Ricci was relying on mere allegations and the fact that he was ultimately convicted. After our review of the record in this case, we are in agreement with the

hearing justice. *See Page*, 995 A.2d at 943 (discussing the second prong of the *Strickland* standard). Mr. Ricci has not produced any evidence to indicate that a genuine issue of material fact exists with respect to whether, but for the allegedly ineffective actions or inactions of trial counsel, the result of his trial would have been different. *See Barros*, 180 A.3d at 829. The operative rules do not permit Mr. Ricci to rely solely on "mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Moura v. Mortgage Electronic Registration Systems, Inc.*, 90 A.3d 852, 856 (R.I. 2014) (internal quotation marks omitted); *see also Coccoli v. Town of Scituate Town Council*, 184 A.3d 1113, 1117-18 (R.I. 2018) (stating that "the burden is on the nonmoving party to produce competent evidence that prove[s] the existence of a disputed issue of material fact") (internal quotation marks omitted). Moreover, we note that there was strong evidence of Mr. Ricci's guilt, including the fact that Mr. Quinn identified Mr. Ricci as his attacker. Thus, given the fact that Mr. Ricci did not produce any evidence to show the existence of a genuine issue of material fact with respect to the second prong of the *Strickland* standard, the state was entitled to judgment as a matter of law on the remaining allegations of ineffective assistance of counsel. *See* § 10-9.1-6(c); *see also Doyle*, 122 R.I. at 593-94, 411 A.2d at 909.

Accordingly, we perceive no reversible error in the hearing justice's grant of summary disposition as to the allegations of ineffective assistance of counsel in this case.

## C

### Other Issues Raised by Mr. Ricci

Mr. Ricci raises two additional contentions before this Court. He posits that he should have been given an evidentiary hearing on his application for postconviction relief due to the

length of his sentence. He further avers that the hearing justice inappropriately used "farce and mockery" language in assessing his application. We shall address these contentions in turn.

We first address Mr. Ricci's contention that he was entitled to an evidentiary hearing due to the severity of his sentence. This Court stated in *Tassone v. State*, 42 A.3d 1277 (R.I. 2012), that an evidentiary hearing is required in the first application for postconviction relief in any case in which the applicant was sentenced to life without the possibility of parole. *Tassone*, 42 A.3d at 1287. Mr. Ricci has not been sentenced to life without the possibility of parole; and, therefore, *Tassone* is inapplicable. Additionally, we decline at this time to consider extending the holding in *Tassone*.

Mr. Ricci further argues that the hearing justice inappropriately used what Mr. Ricci characterizes as the "farce and mockery" standard when assessing his contentions that his trial counsel was ineffective. Specifically, the hearing justice stated as follows:

> "[A] Court deciding an actual ineffective assistance claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case viewed as of the time of counsel's conduct. It is an extremely high standard that requires the petitioner to demonstrate that representation made a farce or a mockery out of the trial proceeding."

Mr. Ricci correctly states that this Court abrogated the "farce and mockery" language in *Reyes v. State*, 141 A.3d 644, 656 (R.I. 2016).[7] We stated therein that "[h]enceforth, claims of ineffective assistance of counsel * * * shall continue to be decided by reference to the familiar performance and prejudice prongs of the *Strickland* standard." *Id.*

---

[7] We stated, in *Reyes v. State*, 141 A.3d 644 (R.I. 2016), that "the farce-and-mockery language * * * is a relic of a bygone era that has no place in assessing claims of ineffective assistance of counsel after *Strickland*." *Reyes*, 141 A.3d at 656.

We note initially that the *Reyes* opinion was issued on July 11, 2016, more than two years after the June 13, 2014 decision of the hearing justice in this case. What is more, after our intensive review of the hearing justice's decision, it is clear to us that she also properly articulated the *Strickland* standard; and we are convinced that she utilized the appropriate standard in addressing Mr. Ricci's allegations of ineffective assistance of counsel. We point out as well that in *Reyes* "[w]e [did] not imply that the difference in phraseology between the performance and prejudice prongs of *Strickland* * * * and the farce-and-mockery language would necessarily make a difference in the adjudication of an ineffective-assistance-of-counsel claim in any particular case; indeed, we suspect[ed] that such a difference would exist 'only in the rarest case.'" *Id.* at 656 n.17 (quoting *Strickland*, 466 U.S. at 668).[8]

In conclusion, after an exhaustive review of the record in this case and careful consideration of the numerous issues raised by Mr. Ricci, we cannot perceive any reversible error in the granting of summary disposition in the state's favor in this case.

## IV

## Conclusion

Accordingly, we affirm the judgment of the Superior Court. We remand the record to that tribunal.

---

[8] Mr. Ricci makes an additional argument in his supplemental memorandum filed in accordance with Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure to the effect that the hearing justice should have employed a "satisfaction of the court" standard under § 10-9.1-6(b) in assessing Mr. Ricci's application, whereas she instead asked Mr. Ricci's counsel what evidence would be presented that would "definitively prove" that the result in his case would have been different but for the ineffectiveness of his counsel. There is no merit to this contention. The hearing justice was utilizing § 10-9.1-6(c), not subsection (b), and it is clear from perusal of her decision that she was not requiring definitive proof of a different outcome but rather some evidence to show that a genuine issue of fact existed as to whether or not the result of Mr. Ricci's trial would have been different but for the alleged errors by trial counsel.

- 17 -

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPREME COURT – CLERK'S OFFICE

OPINION COVER SHEET

| Title of Case | Luigi Ricci v. State of Rhode Island. |
|---|---|
| Case Number | No. 2016-251-M.P.<br>(WM 13-101) |
| Date Opinion Filed | November 27, 2018 |
| Justices | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| Written By | Associate Justice William P. Robinson III |
| Source of Appeal | Washington County Superior Court |
| Judicial Officer From Lower Court | Associate Justice Kristin E. Rodgers |
| Attorney(s) on Appeal | For Petitioner:<br><br>Jodi M. Gladstone, Esq.<br><br>For State of Rhode Island:<br><br>Owen Murphy<br>Department of Attorney General |